UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re
ISAAC S. MARTINEZ, DBA
GREAT WESTERN TRUCK SERVICE,                    Case No. 09-15502-j7

    Debtor.


JANE DOE, a minor, by and through her
next friend EVA HUGHES, her mother and
natural guardian; MARY DOE, a minor, by
and through her next friend EVA HUGHES,
her mother and natural guardian,

    Plaintiffs,

vs.                                             Adversary No. _____

ISAAC S. MARTINEZ, DBA GREAT
WESTERN TRUCK SERVICE; CRUZ
DELIA MARTINEZ, spouse or former spouse;
VERENICE MARTINEZ, spouse ,

    Defendants.

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF PERSONAL INJURY TORT CLAIM PURSUANT TO 11 U.S.C. §§ 523(a)(6) AND 523(a)13

The Plaintiffs, Jane Doe and Mary Doe, minors, by and through their next friend Eva Hughes, their mother and natural guardian, by and through undersigned counsel, hereby file this Complaint to Determine Dischargeability of a Personal Injury Tort Claim, pursuant to 11 U.S.C. §§ 523(a)(6) and 523(a)(13) and Rules 4007 and 7001, Fed. R. Bankr. P., and allege against the Debtor-Defendant Isaac Martinez ("hereinafter referred to as "Defendant"), Cruz Delia Martinez ("Martinez"), and Verenice Martinez.  This claim is for damages based on a personal injury tort as follows:

## I. PARTIES, JURISDICTION AND VENUE.

1. Plaintiff Jane Doe is a minor and has been a resident of Arizona at all times relevant to this Complaint.

2. Plaintiff Mary Doe is a minor and has been a resident of Arizona at all times relevant to this Complaint.

3. Eva Hughes, as mother and guardian of Jane Doe and Mary Doe are hereinafter referred to as "Plaintiffs," and is authorized to file tis complaint on their behalf.

4. Upon information and belief, Defendant, Isaac Martinez maintains a residence in New Mexico and Arizona.

5. Upon information and belief, Debtor's spouse is Verenice Martinez and/or is also known as Cruz Delia Martinez, Defendant's wife or former wife, Cruz Delia Martinez ("Martinez") and Defendant's wife Verenice Martinez are believed to be residents of New Mexico.

6. The acts which support the filing of this adversary complaint arise from events occurring in Lordsburg, Hildago County, New Mexico.

7. Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 1, 2009.

8. The last day for filing adversary complaints pursuant to 11 U.S.C. § 523 is March 22, 2010. This complaint is timely filed.

9. This Court has jurisdiction over the parties and the subject matter of this dispute pursuant to 28 U.S.C. § 1334, and this action to determine dischargeability of debt is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

10. The Court does not have jurisdiction to adjudicate and liquidate personal injury claims brought under a dischargeability proceeding absent consent of the Parties, pursuant to 28 U.S.C. § 157(b)(2)(B).

11. Plaintiffs shall request that the reference of this claim and proceeding be withdrawn to the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. § 157(d).

12. Plaintiffs shall move that the United States District Court for the District of New Mexico refer this case to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 157(b)(5), because the underlying personal injury tort claims of the Plaintiffs have been pending since December, 2008 in the Superior Court of Arizona in and for the County of Maricopa,

13. Plaintiffs further request that the United States District Court for the District of New Mexico and the United States District Court for the District of Arizona suspend the determination of non-dischargeability of all issues related to the underlying personal injury tort claims of the Plaintiffs and refer such determinations for a trial by jury to the Superior Court of Arizona in and for the County of Maricopa.

14. Plaintiffs commenced a state court action against Defendant and Martinez, and other nonparties to this adversary proceeding, in the Superior Court of Arizona in and for the County of Maricopa (Case No. CV2008-033216) alleging assault and battery and other causes of action (the "Arizona State Court Action").

15. The Arizona State Court Action is still pending and was pending at the time of the Defendant's bankruptcy filing.

## II. BACKGROUND AND GENERAL FACTUAL ALLEGATIONS.

16. Plaintiffs reassert and reallege the allegations as set forth in Paragraphs 1 through 15 of this Complaint and incorporate them by reference, as though set forth in full herein.

17. Upon information and belief, Defendant is the former step-grandfather of the minor Plaintiffs and was married to Cruz Delia Martinez and or Verenice Martinez, the natural grandmother of Plaintiffs.

18. During the fall of 2000, Plaintiffs were visiting Defendant and Martinez for approximately one week at Martinez' residence located in Lordsburg, New Mexico.

19. During Plaintiffs' stay, Defendant sexually assaulted Plaintiffs.

20. Such sexual assault is a personal injury tort.

21. Such personal injury tort was willful and malicious, unpermitted, harmful, and offensive sexual contact upon the Plaintiffs.

22. As a direct and proximate result of the sexual assault, Plaintiffs sustained physical injuries, mental anguish, and pain and suffering, some of which may be permanent in nature.

23. As a further direct and proximate result of the sexual assault, Plaintiffs incurred medical expenses and other expenses in an effort to relieve them from their injuries, and may incur future medical expenses and other expenses in an effort to relieve them from the injuries they sustained, as indicated above.

24. Defendant acted in such a way that his assaults on Plaintiffs were intended to cause injury and emotional distress, or committed with such reckless disregard that there was a near certainty that injury and distress would result from his actions.

## COUNT ONE

## ASSAULT

25. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein.

26. Defendant wrongfully and physically used force against Plaintiffs.

27. As a result of the wrongful force used against Plaintiffs, Plaintiffs suffered injuries as stated above.

28. Defendant did not assault Plaintiffs in self-defense. Defendant did not injure Plaintiffs in self-defense.

29. Defendant's conduct was outrageous, intolerable and egregious, wanton and willful that Plaintiffs will seek an award of punitive damages against Defendant and Martinez in an amount to be proven at trial.

## COUNT TWO

## BATTERY

30. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein.

31. Defendant intentionally caused a harmful or offensive contact with Plaintiffs.

32. As a result of the harmful or offensive contact against Plaintiffs, Plaintiffs suffered injuries as stated above.

33. Defendant did not use harmful or offensive contact against Plaintiffs in self-defense. Defendant did not injure Plaintiffs in self-defense.

34. Defendant's conduct was outrageous, intolerable and egregious.

## COUNT THREE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein.

36. Defendant acted in such a way that his assaults on Plaintiffs were intended to cause emotional distress or with such reckless disregard that there was a near certainty that distress would result from his actions.

37. Defendant's conduct was extreme, outrageous, egregious, wanton and willful when he sexually assaulted Plaintiffs that Plaintiffs will seek an award of punitive damages against Defendant in an amount to be proven at trail.

38. Plaintiffs have suffered sever emotional distress as a result of Defendant's actions.

## COUNT FOUR

### FALSE IMPRISONMENT

39. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein.

40. Defendant acted to intentionally restrain Plaintiffs.

41. Defendant acted without lawful authority and without Plaintiffs' consent in intentionally restraining Plaintiffs.

42. Defendant acts resulted in the direct restraint of Plaintiffs' liberty or freedom of movement, either by actual force or from Plaintiffs' fear of force.

43. Defendant's acts would have caused a reasonably prudent person in the same situation as the Plaintiffs to believe that they were restrained.

44. Plaintiffs were aware of or were harmed by the restraint.

45. The actions of the Defendant, as described above, were so egregious, wanton and willful that Plaintiffs will seek an award of punitive damages against the Defendant in an amount to be proven at trial.

## COUNT FIVE

## NEGLIGENT SUPERVISION

46. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein.

47. Martinez lived with and was married to Defendant at the time the facts giving rise to this Complaint occurred.

48. Martinez knew or should have known of Defendant's propensities for violence and/or sexual abuse of minors.

49. Martinez owed a duty to Plaintiffs to protect them from Defendant.

50. Martinez failed to adequately supervise Defendant while Plaintiffs were in her house.

51. Martinez failed to protect Plaintiffs from Defendant while Plaintiffs were in her house.

52. Martinez's actions, as described above, were so egregious, wanton and willful that Plaintiffs will seek an award of punitive damages against the Defendant and Martinez in an amount to be proven at trial.

## COUNT SIX

## NEGLIGENCE

53. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein.

54. Defendant owed a duty to Plaintiffs to not injure them.

55. Defendant breached this duty when he sexually assaulted Plaintiffs and these assaults caused physical and emotional damages to Plaintiffs.

56. Defendant's conduct was outrageous, intolerable and egregious and Defendant acted to serve his own interests, having reason to know and consciously disregarding a substantial risk that his conduct might significantly injure the rights of others or might create a substantial risk of harm to others.

## COUNT SEVEN

## WILLFUL & MALICIOUS INJURY - 11 U.S.C. §§ 523(a)(6) and 523(a)13

57. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein; and incorporates herein Counts One, Two, Three, Four, Five and Six herein as non-dischargeable claims.

58. The Defendant's willful and malicious actions were the direct and proximate cause of injuries to the Plaintiffs as described above.

59. Plaintiffs suffered injuries and damages as a direct result of Defendant's actions.

60. The damages suffered by the Plaintiffs resulted in a debt due and owing by the Defendant in an amount to be determined by a court of competent jurisdiction.

8

61. All such claims should be excepted from discharge as defined under 11 U.S.C. §§ 523(a)(6) and 523(a)(13), and Plaintiffs should be awarded damages and an Order declaring those damages to be nondischargeable in the Defendant's bankruptcy case as to Debtor-Defendant and Debtor-Defendant's spouse at the time of the events, Cruz Delia Martinez, Verenice Martinez.

## DEMAND FOR JURY TRIAL

62. Plaintiffs reallege the allegations contained in Paragraphs 1 through 61 above, as if fully set forth in this paragraph.

63. Plaintiffs' claims are personal injury tort claims arising under the laws of Arizona where the state court civil action is currently pending.

64. Plaintiffs are entitled to a jury trial as a matter of right upon their claims and specifically demand a jury trial on their claims against the Defendant herein.

65. Plaintiffs do not waive their right to a trial by jury by the filing of the adversary complaint on their personal injury tort claims against all of the Defendants.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. The granting of a judgment determining and adjudicating that the amount due and owing by Defendant to Plaintiffs, plus interest, is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) and 523(a)(13);

B. Plaintiff's reasonable attorneys' fees and costs for having to bring this adversary proceeding;

C. Such other and further relief as the Court may deem just and proper.

**PUCCINI LAW, P.A.**

By: <u>submitted electronically 03/22/2010</u>
   Louis Puccini, Jr.
   Post Office Box 50700
   Albuquerque, New Mexico 87181-0700

   and

**TIFFANY & BOSCO, P.A.**
Leonard J. Mark
Dorian L. Eden
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

*Attorneys for Plaintiffs*