## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

In re:

ISAAC S. MARTINEZ, DBA
GREAT WESTERN TRUCK SERVICE,

No. 09-15502-j7
(Bankruptcy Court)

       Debtor.

JANE DOE, a minor, by and through her
next friend EVA HUGHES, her mother and
natural guardian; MARY DOE, a minor, by
and through her next friend EVA HUGHES,
her mother and natural guardian,

Adv. No. 10-1039 J

       Plaintiffs,

vs.

No. CIV 10-0454 JB/WDS
Adversary No. 10-0103-j

ISAAC S. MARTINEZ, DBA GREAT
WESTERN TRUCK SERVICE; CRUZ
DELIA MARTINEZ, spouse or former spouse;
VERENICE MARTINEZ, spouse,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiffs' Motion to Withdraw the

Reference Pursuant to 28 U.S.C. §§ 157(d) and 157(b)(5), filed April 29, 2010 (Doc. 1); and (ii) the

Plaintiffs' Motion to Consolidate: Motion to Withdraw Reference from New Mexico Bankruptcy

Court and Remand to Arizona Court Into Arizona State Court Case Removed to United States

District Court for District of New Mexico, filed June 2, 2010 (Doc. 3). No party responded or filed,

timely or otherwise, a written opposition to the motion, and thus they are deemed to have consented

to the motions. See D.N.M. L.R.-Civ. 7.1(b)("The failure of a party to file and serve a response in

opposition to a motion within the time prescribed for doing so constitutes consent to grant the

motion."); D.N.M. L.R.-Civ. 7.4(a)("A response must be served and filed within fourteen (14) calendar days after service of the motion."). The Court held a hearing on July 12, 2010. No party or counsel appeared at the hearing other than the Plaintiffs' counsel. The primary issue is whether the Court should withdraw the reference of this proceeding from the United States Bankruptcy Court and transfer the proceeding to the United States District Court for the District of Arizona, or whether the Court should transfer the proceeding to the Honorable William P. Johnson, United States District Judge for the District of New Mexico, to be consolidated with Doe v. Martinez, No. CIV 09-0104 WJ/WPL. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will grant the motion to withdraw in part, and will withdraw the reference from the Bankruptcy Court, but the Court will deny the request to transfer the proceeding to the District of Arizona. The Court will also deny the motion to consolidate.

On December 31, 2008, the Plaintiffs Jane Doe and Mary Doe, by and through their mother and legal guardian Eva Hughes, filed a complaint for negligence, assault, battery, intentional infliction of emotional distress, false imprisonment, and negligent supervision against Defendants Isaac Martinez, Cruz Delia Martinez, and other unknown Defendants, in the Superior Court of Arizona, County of Maricopa. The case was removed from Arizona state court to the United States District Court for the District of New Mexico on February 4, 2009. On April 3, 2009, Judge Johnson found the notice of removal deficient on its face and ordered the case remanded to the Arizona state court. See Doe v. Martinez, 674 F. Supp. 2d 1282, 1284 (D.N.M. 2009)("Assuming diversity of citizenship such that there would be subject matter jurisdiction in federal court, the only federal court Defendant Martinez could have removed the Arizona State Court case to is the United States District Court for the District of Arizona."). The order to remand is currently on appeal with the United States Court of Appeals for the Tenth Circuit.

-2-

On December 1, 2009, Martinez filed a voluntary bankruptcy case in the United States Bankruptcy Court for the District of New Mexico, Case No. 7-09-15502-7j. To preclude the Plaintiffs' personal injury claims in the remanded Arizona state case from being discharged in bankruptcy, the Plaintiffs timely filed an objection to dischargeability, pursuant to 11 U.S.C. § 523, in the bankruptcy proceeding. The Plaintiffs brought an adversary proceeding, and filed a Complaint to Determine Dischargeability of Personal Injury Tort Claim Pursuant to 11 U.S.C. §§ 523(a)(6) and 523(a)(13) on April 22, 2010. The Plaintiffs then filed their motion to withdraw the reference to bankruptcy court with this Court.

Bankruptcy judges may preside over, and enter appropriate orders and judgments pertaining to, all cases under chapter 11 of the Bankruptcy Code and all "core proceedings" arising thereunder. 28 U.S.C. § 157(b)(1). Bankruptcy judges may also hear "non-core proceedings" that are "related to" pending proceedings. 28 U.S.C. § 157(c)(1). In certain circumstances, however, when a case has been referred to a bankruptcy court, the district court may withdraw that reference from the bankruptcy court's jurisdiction. See 28 U.S.C. § 157(d). Section 157(d) of Title 28 of the United States Code provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Under rule 5011 of the Federal Rules of Bankruptcy Procedure, a district judge shall hear a motion for withdrawal of a case or proceeding and the relief that the district judge grants pursuant to a filed motion for withdrawal shall be on such terms and conditions as the judge deems proper. See Fed. R. Bankr. P. 5011(c). The district court has broad discretion whether

-3-

to permit withdrawal of the reference to the bankruptcy court.  See In re Cook, No. 09-803, 2010 U.S. Dist. LEXIS 51541, at *6 (D.N.M. Apr. 19, 2010)(Herrera, J.); In re Millennium Studios, Inc., 286 B.R. 300, 303 (D. Md. 2002); In re C-TC 9th Ave. P'ship, 177 B.R. 760, 765 (N.D.N.Y. 1995).  Cause must be shown before the reference can be withdrawn, see In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990), and the moving party bears the burden to show cause, see In re NDEP Corp., 203 B.R. 905, 907 (D. Del. 1996).

> Factors relevant to the Court's determination of whether to withdraw the reference for cause include: (1) whether the proceeding is core or non-core; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand.

In re Cook, 2010 U.S. Dist. LEXIS 51541, at *6 (quoting In re Apponline.com, Inc., 303 B.R. 723, 726 (E.D.N.Y. 2004)).

Section 157 of Title 28 of the United States Code emphasizes that the bankruptcy courts have no power to make factual determinations regarding personal-injury tort claims. See 28 U.S.C. § 157(b)(2)(B)(stating that core jurisdiction does not extend to "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11"); 28 U.S.C. § 157(b)(2)(O)(stating that core jurisdiction extended to "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims").  According to 28 U.S.C. § 157(b)(5):

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5).  See In re Erickson, 330 B.R. 346, 349 (Bankr. D. Conn. 2005)(stating that,

although bankruptcy court lacks subject-matter jurisdiction to adjudicate personal injury tort claim, it has exclusive jurisdiction to adjudicate dischargeability once the claim has been liquidated).

The Plaintiffs brought the adversary proceeding pursuant to 11 U.S.C. § 523(a)(6), which excepts from discharge any debt incurred for willful and malicious injury by the debtor to another. This determination is a core bankruptcy matter. See 28 U.S.C. § 157(b)(2)(I). The underlying claims, however, are the personal injury tort claims currently being litigated in the Arizona state-court personal-injury action. The bankruptcy court's core jurisdiction does not extend to "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case." 28 U.S.C. § 157(b)(2)(B). Pursuant to 28 U.S.C. § 157(b)(5), the district court decides the issues related to the underlying personal injury tort claims. See In re Smith, 389 B.R. 902, 912 (Bankr. D. Nev. 2008)(stating that § 157(b)(5) "deals specifically with the handling of personal injury tort claims within this system."). Because the bankruptcy proceeding involves the non-core personal injury issues, the Court finds the appropriate action is to withdraw the reference of the adversary proceeding, Adversary No. 10-01039-j, from the bankruptcy court. Because the personal-injury claims are currently being adjudicated in the state-court proceeding in Arizona, the Court believes the best course of action is to stay this proceeding and allow the state-court proceeding, and the appeal of the notice of remand in Judge Johnson's case, to reach resolution. Once those cases reach a resolution, and the Court makes a determination on the personal injury claims, the Court may refer the proceeding back to the bankruptcy court for that court to determine dischargeability. See In re Erickson, 330 B.R. at 349 (stating that, although bankruptcy court lacks subject-matter jurisdiction to adjudicate personal-injury tort claim, it has exclusive jurisdiction to adjudicate dischargeability once the claim has been liquidated). At the hearing, Louis Puccini, the Plaintiffs' attorney, stated that

-5-

the Court's proposed resolution of this matter is acceptable to the Plaintiffs and had no suggested changes. See Transcript of Hearing at 4:5-11 (taken July 12, 2010) (Puccini)("Tr.").[1]  The Court, therefore, will grant in part and deny in part the Plaintiffs' Motion to Withdraw the Reference Pursuant to 28 U.S.C. §§ 157(d) and 157(b)(5).  The Court will withdraw the reference of the adversary proceeding to the bankruptcy court, but the Court will not transfer the adversary proceeding to the United States District Court for the District of Arizona, as the Plaintiffs request. The Court will, however, stay the proceeding pending the resolution of the appeal of Judge Johnson's order to remand Doe v. Martinez, No. CIV 09-0104 WJ/WPL, and pending the resolution of the Plaintiffs' tort claims in the Arizona state court proceeding.  The Court will also deny the Plaintiffs' Motion to Consolidate: Motion to Withdraw Reference from New Mexico Bankruptcy Court and Remand to Arizona Court Into Arizona State Court Case Removed to United States District Court for District of New Mexico. Judge Johnson's remand order is on appeal, and, for all practical purposes, that proceeding has come to a close. Judge Johnson believes that case is over for him. Thus, the Court believes it would not be beneficial to any party, or in the interest of judicial economy, to consolidate the adversary proceeding with Judge Johnson's case, at least at this time.

**IT IS ORDERED** that the Plaintiffs' Motion to Withdraw the Reference Pursuant to 28 U.S.C. §§ 157(d) and 157(b)(5) is granted in part and denied in part. The Court orders that the reference of the Adversary Proceeding No. 10-01039-j be withdrawn from the United States Bankruptcy Court for the District of New Mexico. The Court will stay all proceedings in this matter. The Court orders that the parties must provide the Court with status reports regarding the

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

status of the state proceedings every 120 days.  The Court will also deny the Plaintiffs' Motion to

Consolidate: Motion to Withdraw Reference from New Mexico Bankruptcy Court and Remand to

Arizona Court Into Arizona State Court Case Removed to United States District Court for District

of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Louis Puccini, Jr.
Puccini Law, P.A.
Albuquerque, New Mexico

-- and --

Leonard J. Mark
Dorian L. Eden
Tiffany & Bosco, P.A.
Phoenix, Arizona

    *Attorneys for the Plaintiffs*

Isaac S. Martinez
Lordsburg, New Mexico

    *Defendant pro se*

Cruz Delia Martinez
Lordsburg, New Mexico

    *Defendant pro se*

Verenice Martinez
Lordsburg, New Mexico

    *Defendant pro se*