IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re:

ISAAC S. MARTINEZ, DBA
GREAT WESTERN TRUCK SERVICE,

      Debtor.                                                                                             No. CIV 10-0454 JB/WDS

JANE DOE, a minor, by and through her
next friend EVA HUGHES, her mother and
natural guardian; MARY DOE, a minor, by
and through her next friend EVA HUGHES,
her mother and natural guardian,

      Plaintiffs,

vs.

ISAAC S. MARTINEZ, DBA GREAT
WESTERN TRUST SERVICE; CRUZ
DELIA MARTINEZ, spouse or former spouse;
VERENICE MARTINEZ, spouse,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Proceed with Adjudication of Adversary Proceeding to Determine Dischargeability of Personal Injury Tort Claim Removed to the United States District Court, filed June 16, 2011 (Doc. 16). The primary issues are: (i) whether the Court should lift the stay of this proceeding; and (ii) whether the Court should allow the adversary proceeding to proceed to final adjudication in this Court or whether the Court should refer the adversary proceeding back to the United States Bankruptcy Court. The Court will grant the Plaintiffs' motion in part and deny the motion in part. The Court will lift the stay, but will not make the determination of dischargeability. The Court will refer the proceeding back to

the bankruptcy court.

## PROCEDURAL BACKGROUND

On April 29, 2010, the Plaintiffs filed their Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) and (b)(5).  See Doc. 1 ("Motion to Withdraw").  The Plaintiffs asked the Court to enter an order withdrawing "the reference of this Adversary Proceeding to the Bankruptcy Court" and transferring "this proceeding to the United States District Court for the District of Arizona for complete adjudication."  Motion to Withdraw at 9.

On June 2, 2010, the Plaintiffs filed their Motion to Consolidate: Motion to Withdraw Reference From New Mexico Bankruptcy Court and Remand to Arizona Court Into Arizona State Court Case Removed to United States District Court for District of New Mexico.  See Doc. 3 ("Motion to Consolidate").  The Plaintiffs asked the Court to "consolidate or jointly administer the two pending causes of action . . . into the earlier case, No. CV-09-104 WJ/WPL."  Motion to Consolidate at 5.

On July 15, 2010, the Court filed a Memorandum Opinion and Order.  See Doc. 6.  The Court granted the motion to withdraw in part and withdrew the reference from the bankruptcy court, but it denied the request to transfer the proceeding to the District of Arizona.  The Court also denied the motion to consolidate.  The Court stated:

> The Plaintiffs brought the adversary proceeding pursuant to 11 U.S.C. § 523(a)(6), which excepts from discharge any debt incurred for willful and malicious injury by the debtor to another.  This determination is a core bankruptcy matter.  See 28 U.S.C. § 157(b)(2)(I).  The underlying claims, however, are the personal injury tort claims currently being litigated in the Arizona state-court personal-injury action.  The bankruptcy court's core jurisdiction does not extend to "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case." 28 U.S.C. § 157(b)(2)(B).  Pursuant to 28 U.S.C. § 157(b)(5), the district court decides the issues related to the underlying personal injury tort claims.  See In re Smith, 389 B.R. 902, 912 (Bankr. D. Nev. 2008)(stating that § 157(b)(5) "deals specifically with the handling of

> personal injury tort claims within this system."). Because the bankruptcy proceeding involves the non-core personal injury issues, the Court finds the appropriate action is to withdraw the reference of the adversary proceeding, Adversary No. 10-01039-j, from the bankruptcy court.  Because the personal-injury claims are currently being adjudicated in the state-court proceeding in Arizona, the Court believes the best course of action is to stay this proceeding and allow the state-court proceeding, and the appeal of the notice of remand in [the Honorable William] Johnson[, United States District Judge]'s case, to reach resolution.  Once those cases reach a resolution, and the Court makes a determination on the personal injury claims, the Court may refer the proceeding back to the bankruptcy court for that court to determine dischargeability.  See In re Erickson, 330 B.R. at 349 (stating that, although bankruptcy court lacks subject-matter jurisdiction to adjudicate personal-injury tort claim, it has exclusive jurisdiction to adjudicate dischargeability once the claim has been liquidated).

Memorandum Opinion and Order at 5.

On June 16, 2011, the Plaintiffs filed their Motion to Proceed with Adjudication of Adversary Proceeding to Determine Dischargeability of Personal Injury Tort Claim Removed to the United States District Court. See Doc. 16.  The Plaintiffs ask the Court to lift the stay of the action.  They state that the adversary proceeding was removed from the bankruptcy court and stayed pursuant to the Court's order pending resolution of Judge Johnson's order to remand and the resolution of the Plaintiffs' tort claims in the Arizona state court proceeding.  The Plaintiffs represent that the appeal was dismissed.  They also represent that the personal injury tort case has been liquidated.  They state: "Both conditions have now been satisfied and the Adversary Proceeding to determine dischargeability should proceed, either in this Court, the United States District Court or may be referred back to the Bankruptcy Court."  Motion at 2.  The Plaintiffs ask the Court to lift the stay and allow the adversary proceeding to determine dischargeability to proceed to final adjudication, either in this Court, or in the bankruptcy court.

The Defendants did not file a written response to the motion within the required time or otherwise respond to the motion.  See D.N.M.LR-Civ. 7.4(a)("A response must be served and filed

within fourteen (14) calendar days after service of the motion.").

## ANALYSIS

By not responding to the motion, the Defendants effectively consented to the Plaintiffs' motion.  See  D.N.M.LR-Civ. 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  The motion is therefore unopposed.

The Court will lift the stay.  The Court stayed the proceeding to allow the state-court proceeding and the appeal of the notice of remand in Judge Johnson's case to reach resolution.  The state-court proceeding and the appeal of the notice of remand have now reached resolution.  The Superior Court of Arizona, in the County of Maricopa, entered a default judgment on May 18, 2011 against Issac Martinez and Cruz Delia Martinez in favor of Eva Hughes, as the mother and natural guardian of Jane Doe, a minor, in the amount of $1,600,564.50 plus interest, and against Issac Martinez and Cruz Delia Martinez in favor of Eva Hughes, as the mother and natural guardian of Mary Doe, a minor, in the amount of $1,600,564.50 plus interest.  See Default Judgment, filed June 16, 2011 (Doc. 16-1).  On December 14, 2009, the Tenth Circuit filed an Order dismissing the appeal.  See Hughes v. Cruz, No. Civ. 09-0104 WJ/WPL, Order, filed December 15, 2009 (Doc. 62). Because both proceedings have reached resolution, the Court will lift the stay.

The Court will also refer the proceeding to bankruptcy court.  As the Court recognized in its Memorandum Opinion and Order, although the bankruptcy court "lacks subject-matter jurisdiction to adjudicate" personal injury tort claims, "it has exclusive jurisdiction to adjudicate its dischargeability once such claim is liquidated." In re Erickson, 330 B.R. 346, 350 (Bkrtcy. D. Conn. 2005).  See Memorandum Opinion and Order at 4-5; In re of Valencia, 213 B.R. 594, 595-96 (D. Colo. 1997)("Pursuant to 11 U.S.C. § 523(c), the bankruptcy court has exclusive equitable

-4-

jurisdiction to determine the dischargeability of debts under 11 U.S.C. § 523(a)."). Because the claim has been liquidated in the Superior Court of Arizona, County of Maricopa, the Court will refer the proceeding back to bankruptcy court for that court to determine dischargeability. See In re Erickson, 330 B.R. at 349 (stating that, although bankruptcy court lacks subject-matter jurisdiction to adjudicate personal-injury tort claim, it has exclusive jurisdiction to adjudicate dischargeability once the claim has been liquidated).

    **IT IS ORDERED** that the Motion to Proceed with Adjudication of Adversary Proceeding to Determine Dischargeability of Personal Injury Tort Claim Removed to the United States District Court, filed June 16, 2011 (Doc. 16), is granted in part and denied in part. The Court will lift the stay, but will not make the determination of dischargeability. The Court will refer the proceeding back to the United States Bankruptcy Court for the District of New Mexico.

                                                 _____
                                                 UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Leonard J. Mark
Dorian L. Eden
Tiffany & Bosco, P.A.
Phoenix, Arizona

-- and --

Louis Puccini, Jr.
Puccini Law, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Isaac S. Martinez
Lordsburg, New Mexico

    *Defendant pro se*

Cruz Delia Martinez
Lordsburg, New Mexico

    *Defendant pro se*

Verenice Martinez
Lordsburg, New Mexico

    *Defendant pro se*

-6-