# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:  ISAAC S. MARTINEZ, d/b/a                    No. 7-09-15502 JL
        GREAT WESTERN TRUCK SERVICE,

        Debtor.

JANE DOE, a minor, by and through
Her next friend EVA HUGHES, her
Mother and natural guardian; MARY
DOE, a minor, by and through her next
Friend EVA HUGHES, her mother and
Natural guardian,

        Plaintiffs,

v.                                                  Adversary No. 10-1039 J

ISAAC S. MARTINEZ, d/b/a
GREAT WESTERN TRUCK SERVICE;
CRUZ DELIA MARTINEZ, spouse or
Former spouse; VERENICE MARTINEZ,
Spouse,
        Defendants.


## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment

(Docket No. 30) and the Supplement to Plaintiff's Motion for Summary Judgment (Docket No.

38).  Defendant Isaac S. Martinez filed a Response to Plaintiff's Motion for Summary Judgment

(Docket No. 39), and Plaintiffs filed a reply (Docket No. 42).  No other Defendant filed a

response to Plaintiffs' Motion for Summary Judgment.   Plaintiffs assert that principles of

collateral estoppel and *res judicata* entitle them to judgment on their claims for non-

dischargeability of debt under 11 U.S.C. § 523(a)(6) and 11 U.S.C. § 523(a)(13) based on the

following:  1) a Default Judgment entered against Defendants Isaac S. Martinez and Cruz Delia

Martinez awarding Plaintiffs a money judgment on their personal injury tort claims; and 2) a

Plea Disposition Agreement, Statement of Facts, Conditional Discharge Order and Order

Revoking Conditional Discharge and Imposing Deferred Sentence entered in criminal

proceedings prosecuted by the State of New Mexico against Defendant Isaac C. Martinez for

criminal sexual contact of a minor.   For the reasons set forth below, the Court finds that

Plaintiffs are not entitled to summary judgment against Defendant Isaac C. Martinez because the

evidence before the Court fails to establish that either the judgment on Plaintiffs' personal injury

tort claim issued by the Arizona state court or the criminal conviction satisfies the "actually

litigated" requirement for collateral estoppel under Arizona and New Mexico law.  The Court

also finds that Plaintiffs are not entitled to a judgment of non-dischargeability against Defendants

Cruz Delia Martinez or Verenice Martinez.

PROCEDURAL HISTORY

Defendant Isaac S. Martinez filed a voluntary petition under Chapter 7 of the Bankruptcy

Code on December 1, 2009.   Prior to the filing of Defendant's bankruptcy case, Plaintiffs filed a

civil action against Defendant in the Superior Court of Arizona alleging, among other things,

assault and battery ("Arizona State Court Action").   The Arizona State Court Action remained

pending as of the date Defendant filed his bankruptcy case.  On March 22, 2010, Plaintiffs filed a

Complaint to Determine Dischargeability of Personal Injury Tort Claim Pursuant to 11 U.S.C. §§

523(a)(6) and 523(a)(13) (the "Complaint"). Defendant Isaac S. Martinez filed an answer to the

Complaint on April 26, 2010, generally denying all allegations in the Complaint.  *See* Docket

No. 4.   Plaintiffs filed a motion to withdraw the reference of this adversary proceeding to the

Bankruptcy Court so that the United States District Court for the District of New Mexico (the

"District Court") could adjudicate the claim.[1]  *See* Docket No. 5.   In ruling on Plaintiffs' request

---

[1] The District Court hears and determines motions to withdraw the reference.  *See* Rule 5011(a), Fed.R.Bankr.P. ("A motion for withdrawal of a case or proceeding shall be heard by a district judge.").

to withdraw the reference, the District Court (Honorable James O. Browning) found 1) that

Plaintiffs' Arizona State Court Action included claims for negligence, assault, battery,

intentional infliction of emotional distress, false imprisonment and negligent supervision; 2) that

the Arizona State Court Action had been removed to the District Court (before the Honorable

William P. Johnson; 3) that Judge Johnson found that the notice of removal was deficient on its

face and remanded the case to the Arizona state court; 4) and that the order to remand was

appealed to the Tenth Circuit.  Judge Browning found further that the claims underlying the non-

dischargeability claims were the personal injury tort claims currently being litigated in the

Arizona State Court Action, and that the District Court must decide the issues related to the

underlying personal injury tort claims pursuant to 28 U.S.C. § 157(b)(5).[2]  The District Court

also found that withdrawal of the reference of this adversary proceeding was appropriate, but that

because the personal injury tort claims were being adjudicated in the Arizona State Court Action,

the best course of action was to stay the adversary proceeding to allow the Arizona State Court

Action and the appeal of the notice of remand to reach a resolution.   The District Court directed

the parties to file status reports every 120 days regarding the Arizona State Court Action and the

appeal.

Approximately one year later, on June 16, 2011, Plaintiffs filed a Motion to Proceed with

Adjudication of Adversary Proceeding to Determine Dischargeability of Personal Injury Tort

Claim Removed to the United States Bankruptcy Court ("Motion to Proceed"), reporting that the

appeal of the remand order had been dismissed and that the Plaintiffs' personal injury tort claim

---

[2] That section provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

> 28 U.S.C. § 157(b)(5).

-3-

had been liquidated in the Arizona State Court Action. The Motion to Proceed requested the District Court to either 1) lift the stay and proceed to final adjudication of the adversary proceeding; or 2) refer the adversary proceeding back to the Bankruptcy Court. *See* Docket No. 18. Plaintiffs subsequently filed a Notice of Completion pursuant to D.N.M. LR 7.4(e) requesting the same relief as the Motion to Proceed. *See* Docket No. 19.

On July 21, 2011, the District Court entered a Memorandum Opinion and Final Judgment lifting the stay of the adversary proceeding and referring the adversary proceeding back to this Court to make the determination of dischargeability. In reaching its conclusion to refer the adversary proceeding back to this Court, the District Court noted that a default judgment liquidating Plaintiffs' claim had been entered in the Arizona State Court Action, and stated that "although the bankruptcy court 'lacks subject-matter jurisdiction to adjudicate' personal injury tort claims, 'it has exclusive jurisdiction to adjudicate its dischargeability once such claim is liquidated.'" Docket No. 20 - Memorandum Opinion, p. 4 (quoting *In re Erickson,* 330 B.R. 346, 349 (Bankr.D.Conn. 2005)).

Following the referral of this adversary proceeding back to this Court, Plaintiffs filed a Motion for Default Judgment and a Motion for Summary Judgment. *See* Docket Nos. 29 and 30. Defendant Isaac Martinez filed a response to the Motion for Default Judgment simply requesting that the Court deny the Plaintiffs' Motion for Default Judgment. *See* Docket No. 36. Defendant Isaac Martinez also filed a Response to Plaintiffs' Motion for Summary Judgment, stating that the default judgment in the Arizona State Court Action was the result of improper service, and attaching copies of video depositions, police reports, medical reports, and audio transcripts of court proceedings that Defendant claims will demonstrate that he is innocent of all the allegations, charges, and subsequent convictions contained in the documents Plaintiffs

-4-

attached in support of their Motion for Summary Judgment.  *See* Docket No. 39.  Plaintiffs filed

a Motion to Strike Defendant Isaac S. Martinez's Response to Plaintiffs' Motion for Summary

Judgment and Attached Exhibits B through E filed in Violation of Rule 9037(a) ("Motion to

Strike"), requesting the Court to strike the exhibits attached to Defendant's response because the

documents were not authenticated.   The Motion to Strike also requested the Court to seal the

Response and supporting documents because the documents contained personal identifying

information pertaining to a minor and a minor victim of a crime.  *Id.*  The Court entered an

Order Granting, in Part, and Denying, in Part Plaintiffs' Motion to Strike Defendant Isaac S.

Martinez's Response to Plaintiffs' Motion for Summary Judgment and Attached Exhibits B – E

Filed in Violation of Rule 9037(A) ("Order on Motion to Strike").  *See* Docket No.  44.   The

Order on Motion to Strike directed that the Response and the exhibits attached to the Response

be sealed from public view, and stated that, because the attached documents were not

authenticated, the Court would not consider them.  *Id.*[3]

SUMMARY JUDGMENT STANDARDS

Summary judgment, governed by Rule 56, Fed.R.Civ.P., will be granted when the

movant demonstrates that there is no genuine dispute as to a material fact and that the movant is

---

[3]Rule 56(c), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. requires the parties to cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Rule 56(c).  "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Rule 56(c)(2), Fed.R.Civ.P.  The Plaintiffs make such an objection.  Further, Plaintiffs seek a summary judgment by this Court based on application of collateral estoppel, and do not ask this Court to make its own findings on the merits.  The materials Mr. Martinez proffered, that the Court is not considering, are not relevant to whether collateral estoppel applies.  None of the documents Defendant Isaac S. Martinez attached to his Response are from the record in this adversary proceeding, and there is no indication that Defendant would be able to present such video deposition transcripts in a form that would be admissible in evidence.  Such transcripts constitute inadmissible hearsay evidence, unless the proponent can demonstrate that an exception to the hearsay rules applies.  *See Garcia-Martinez v. City and County of Denver,* 392 F.3d 1187, 1191 (10th Cir. 2004)(observing that "[d]eposition testimony is ordinarily inadmissible hearsay evidence" and that the proponent bears the burden of demonstrating that an exception to the hearsay rule applies); *Wiley v. United States,* 20 F.3d 222, 226 (6th Cir. 1994)("hearsay evidence cannot be considered on a motion for summary judgment.")(citation omitted).

entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P.    "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  The party seeking summary judgment must set forth by number all material facts the movant contends are not subject to genuine dispute, and refer with particularity to the portions in the record upon which the movant relies.  NM –LBR 7056-1(b).  In considering a motion for summary judgment, the Court must "'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (10th Cir. 1995)(quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F2d 1238, 1241 (10th Cir. 1990)).

"[A] party opposing a properly supported motion for summary judgment may not rest on mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed .2d 202 (1986).  Furthermore, New Mexico Local Bankruptcy Rule 7056–1(c) provides that the party opposing summary judgment must 1) list the material facts as to which the party contends a genuine fact exists, 2) "refer with particularity to those portions of the record upon which the opposing party relies," and 3) "state the number of the movant's fact that is disputed."  NM LBR 7056-1(c).  Properly supported material facts set forth in the movant's motion are "deemed admitted unless specifically controverted" by the party opposing summary judgment.  NM LBR 7056-1(c).

Defendant Isaac S. Martinez did not comply with NM LBR 7056-1(c) inasmuch as he failed to respond to Plaintiffs' numbered facts, and did not identify his own statement of material facts with particularized references to the record that he contends demonstrate the presence genuine issues of material fact that would preclude summary judgment.   This failure is sufficient to deem admitted all of Plaintiffs' identified material facts to the extent Plaintiffs properly supported the facts with evidence, and could serve as sufficient grounds to grant the motion for summary judgment, provided the material facts demonstrate that the movant is entitled to summary judgment as a matter of law.   *Cf. Taylor v. Jasper (In re Jasper),* 356 B.R. 787, 2007 WL 390287, at *2 (10th Cir. BAP 2007)(Table), *aff'd,* 312 Fed.Appx. 97 (10th Cir. 2008)(holding that the bankruptcy court properly deemed admitted movant's statements of material fact and properly granted movant's motion for summary judgment based on opposing party's failure to comply with New Mexico local rule 7056-1 by failing to cite to specific portions of the record in support of his contention of disputed fact and by failing to offer any supporting affidavits or other evidence).     Nevertheless, because the Court must determine whether the facts not subject to material dispute entitle Plaintiffs' to summary judgment as a matter of law, the Court identifies the following facts that are not subject to material dispute:

1.     The Superior Court of Arizona, County of Maricopa entered a Default Judgment against Defendants Isaac S. Martinez and Cruz Delia Martinez in the Arizona State Court Action on May 18, 2011.   *See* Certified copy of Default Judgment attached to Supplement to Plaintiff's [sic.] Motion for Summary Judgment ("Supplement") as Exhibit A.

2.     The Default Judgment awarded Plaintiffs damages on their personal injury tort claims in the aggregate amount of $1,600,564.50.  *Id.*

3.      The Default Judgment includes a finding that Plaintiffs sustained damages as a result of the wrongful conduct of the Defendants and that Defendant Isaac S. Martinez's acts were willful and wanton.   *Id.*

4.      Defendant Isaac S. Martinez participated in the hearing that resulted in the entry of the Default Judgment.   *See* Certified copy of Minute Entry attached to Plaintiffs' Reply to Defendant Isaac S. Martinez's Response to Plaintiff's Motion for Summary Judgment ("Reply").

5.      The Minute Entry reflects that Isaac Martinez was "present on his own behalf" at the default hearing, that Isaac Martinez was sworn in, and that he testified at the hearing.   *Id.*

6.      On December 9, 2003, Defendant Isaac Martinez entered into a Plea and Disposition Agreement in a criminal action filed against him in the State District Court, County of Hidalgo, State of New Mexico (the "Criminal Action").   *See* Certified copy of Plea and Disposition Agreement attached to Plaintiff's Supplement as Exhibit B.

7.      The Plea and Disposition Agreement states that Defendant Isaac S. Martinez agreed to plead no contest to two counts of criminal sexual contact of a minor in the third degree (child under 13), a third degree felony, contrary to §30-9-13(a), N.M.S.A., as amended.   *Id.*

8.      Defendant Isaac S. Martinez was represented by counsel at the time he entered into the Plea and Disposition Agreement.   *Id.*

9.      On January 8, 2004, a Conditional Discharge Order was entered in the Criminal Action.   *See* Certified copy of Conditional Discharge Order attached to the Supplement as Exhibit D.

10.     The Conditional Discharge Order recites that the court in the Criminal Action found that a basis in fact exists for the plea and approves the plea, but without a finding of guilt. *Id.*

11.     The Conditional Discharge Order dismissed Counts 1 and 2: Criminal Sexual Penetration; Counts 4 and 6: Criminal Sexual Contact of a Minor; and Count 7: Attempted Criminal Sexual Contact of a Minor pursuant to the Plea and Disposition Agreement.  *Id.*

12.     On November 30, 2005, the District Court of Hidalgo County, New Mexico entered an Order Revoking Conditional Discharge and Imposing Deferred Sentence in the Criminal Action (the "Criminal Revocation Order").  *See* Certified copy of Order Revoking Conditional Discharge and Imposing Deferred Sentence attached to Supplement as Exhibit E.

13.     Defendant Isaac Martinez appeared with counsel at the hearing which resulted in the entry of the Criminal Revocation Order.  *Id.*

14.     The Criminal Revocation Order states that the Defendant Isaac S. Martinez admitted all violations in the Petition to Revoke Probation, that the admission was "knowingly, intelligently, freely and voluntarily made and that a basis in fact exists to believe such admissions."  *Id.*

15.     The District Court of Hidalgo County, New Mexico found that Defendant Isaac S. Martinez materially and substantially violated his probation and found and adjudged Defendant Isaac S. Martinez guilty and convicted of two counts of Criminal Sexual Contact of  a Minor (Child under 13), a third degree felony, contrary to § 30-9-13(A) having occurred on or about January 1, 1999 through December 31, 2002.  *See* Criminal Revocation Order, p.2.

16.     The Criminal Revocation Order ordered Defendant Isaac S. Martinez to pay Eva Hughes $10,000 for the cost of counseling for the two victims, plus interest at the rate of 8.75 percent per annum.   *See* Criminal Revocation Order p. 3.

17.    The Criminal Revocation Order also required Defendant Isaac S. Martinez to register himself as a sex offender pursuant to the Sex Offender Registration and Notification Act, § 29-11A-1, et. Seq. NMSA 1978 (as amended 2005).   *See* Criminal Revocation Order. p. 3.

18.    Defendant Isaac S. Martinez has paid the principal amount required under the Criminal Revocation Order, but has not paid the interest which has not been liquidated.

19.    Defendant Verenice Martinez was married to Defendant Isaac S. Martinez as of the date Defendant Isaac S. Martinez filed his voluntary petition under Chapter 7 of the Bankruptcy Code.   Defendant Verenice Martinez is Defendant Isaac S. Martinez's non-filing spouse.

20.    Defendant Verenice Martinez was not married to Defendant Isaac S. Martinez at the time the incidents which formed the basis of the Criminal Action occurred.

21.    Defendant Cruz Delia Martinez was not married to Defendant Isaac S. Martinez as of the date Defendant Isaac S. Martinez filed his voluntary petition under Chapter 7 of the Bankruptcy Code.

DISCUSSION

A judgment entered against a defendant in state court can be given preclusive effect in a subsequent adversary proceeding against the same defendant for determination of non-dischargeability of debt, provided all the elements necessary to the determination of non-dischargeability were established in the state court judgment, and provided that all requirements for collateral estoppel have been satisfied.  *See Grogan v. Garner,* 498 U.S. 279, 284 n.11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(acknowledging that "[v]irtually every court of appeals has concluded that collateral estoppel is applicable in discharge exception proceedings[ ]" and clarifying "that collateral estoppel principles do indeed apply in discharge exception proceedings

-10-

pursuant to § 523(a).")(citations omitted).[4]    When applying principles of collateral estoppel based on a judgment entered in state court, the bankruptcy court must look to the applicable requirements of the state in which the judgment was entered. *See Gonzales v. Hernandez,* 175 F.3d 1202, 1204 (10th Cir. 1999)("A federal court is required to give a state court judgment the same preclusive effect it would be given under the laws of the state in which it was rendered.")(citations omitted).[5]

Here, the Default Judgment was entered in Arizona, and the criminal plea, Conditional Discharge Order, and Criminal Revocation Order were entered in New Mexico.   The Court must, therefore, apply the applicable collateral estoppel requirements under Arizona and New Mexico law to determine whether Plaintiffs are entitled to a non-dischargeable judgment based on the criminal proceedings and the civil personal injury tort action.

A.   The Criminal Plea, Criminal Revocation Order, and Conviction

*Collateral Estoppel Requirements under New Mexico Law*

The doctrine of collateral estoppel, also known as issue preclusion, "fosters judicial economy by preventing the relitigation of 'ultimate facts or issues actually and necessarily decided in a prior suit.'" *Shovelin v. Central New Mexico Elec. Co-op., Inc.,* 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993)(quoting *Int'l Paper Co. v. Farrar,* 102 N.M. 739, 741, 700 P.2d 642, 644 (1985)(quoting *Adams v. United Steelworkers,* 97 N.M. 369, 373, 640 P.2d 475, 479 (1982)(additional internal quotation marks omitted)).  Under New Mexico law, in order to apply collateral estoppel the moving party must establish that:

---

[4] *See also Klemens v. Wallace (In re Wallace),* 840 F.2d 762, 764 (10th Cir. 1988)("the doctrine of collateral estoppel may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability."); *Jasper,* 2007 WL 390287 at *3 ("Collateral estoppel may be applied in bankruptcy proceedings to determine dischargeability of a debt.")(citation omitted).

[5] *See also, In re Fordu,* 201 F.3d 693, 703 (6th Cir. 1999)("When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was entered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action.")(citations omitted).

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

*Shovelin,* 115 N.M. at 297, 850 P.2d at 1000 (citing *Silva v. State,* 106 N.M. 472, 474-76, 745 P.2d 380, 832-84 (1987)).

Upon a showing of all four elements, the Court must then determine whether the non-moving party "had a full and fair opportunity to litigate the issue in the prior litigation." *Id.* The burden of demonstrating the lack of a full and fair opportunity to litigate the issue in the prior proceeding falls on the party opposing collateral estoppel. *Hartnett v. Papa John's Pizza USA, Inc.,* ___ F.Supp.2nd ___, 2011 WL 5220231 at *6 (D.N.M. Oct. 7, 2011)(citing *Padilla v. Intel Corp.,* 125 N.M. 698, 701, 964 P.2d 862, 865 (Ct. App. 1998) and *State v. Bishop,* 113 N.M. 732, 734, 832 P.2d 793, 795 (Ct. App. 1992)).

The facts not subject to genuine dispute establish that Defendant Isaac C. Martinez was a party to the prior criminal proceedings and that this cause of action to determine dischargeability of debt is different than the cause of action in the prior criminal proceedings. Defendant Isaac C. Martinez pleaded no contest to two counts of Criminal Sexual Contact of a Minor in the Third Degree (Child under 13), a third degree felony, contrary to § 30-9-13(A), N.M.S.A. 1978, as amended. *See* Plea and Disposition Agreement attached to the Supplement as Exhibit B. The Criminal Revocation Order included a finding, based on Defendant's voluntary and knowing admission, that he violated the conditions of his probation and adjudged Defendant guilty and convicted of the crime of criminal sexual contact of a minor. *See* Criminal Revocation Order attached to the Supplement as Exhibit E. Defendant Isaac S. Martinez's knowing and voluntary admissions were necessary to the determination in the Criminal Action that he violated N.M.S.A.

1978 § 30-9-13(A).  What remains at issue is whether the orders entered in the Criminal Action

satisfy the "actually litigated" requirement under New Mexico collateral estoppel law.

The application of collateral estoppel from a criminal proceeding to a subsequent civil

proceeding has been described as "cross-over collateral estoppel."  *State v. Bishop,* 113 N.M.

732, 734, 832 P.2d 793, 795 (Ct. App. 1992)(observing that "[t]he term 'cross-over' collateral

estoppel' has been used to describe the application of collateral estoppel from a civil proceeding

to a criminal proceeding, or vice versa.")(citing Susan W. Brenner, *"Crossing Over:" The Issue-*

*Preclusive Effects of a  Civil/Criminal Adjudication Upon a Proceeding of the Opposite*

*Character,* 7 N.Ill.U.L.Rev. 141 (1987)).  Courts applying New Mexico collateral estoppel law

have not specifically addressed the issue of whether a conviction resulting from a plea of no

contest in a criminal proceeding should be given preclusive effect in a subsequent civil

proceeding, though New Mexico law is clear that judgments entered by default are not entitled to

collateral estoppel effect because those types of judgments do not satisfy the requirement for

actual litigation. *See Sanchez v. Lovato, (In re Lovato),* 2007 WL 4371672, *1 (Bankr.D.N.M.

Nov. 29, 2007)("Under New Mexico law, default judgments have no preclusive effect.")(citation

omitted); *Blea v. Sandoval,* 107 N.M. 554, 558, 761 P.2d 432, 436 (Ct.App. 1988)("In New

Mexico, we recognize that default judgments do not have collateral estoppel effect in future

litigation, although they may have res judicata effect.").

"'[A] guilty plea is an admission of all the elements of a formal criminal charge….'"

*United States v. Buonocore*, 416 F.3d 1124, 1138 (10th Cir. 2005)(J. Seymour,

concurring)(quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d

418 (1969)).  Many courts have given preclusive effect to a conviction resulting from a guilty

plea in subsequent civil litigation where an element of the crime to which the defendant pleaded

-13-

guilty was at issue in the subsequent, civil suit,[6] finding that a guilty plea and conviction satisfies the actually litigated requirement for collateral estoppel purposes or otherwise has preclusive effect even though the criminal conviction resulting from the guilty plea required no *actual* litigation.

Unlike a guilty plea, a plea of no contest, or *nolo contendere,* is a plea under which the accused does not expressly admit guilt but consents to be punished as if guilty. *United States v. Mancinas-Flores*, 588 F.3d 677, 681 (9th Cir. 2009); *United States v. Buonocore*, 416 F.3d at 1128 n. 2. Courts generally find that a plea of no contest, or *nolo contendere,* is insufficient to satisfy the actually litigated requirement for purposes of applying collateral estoppel in a subsequent, civil proceeding.[7]

---

[6]*See, e.g., Jiron v. City of Lakewood,* 392 F.3d 410, 417 (10th Cir. 2004)(applying Colorado law, and finding defendant's guilty plea was sufficient for purposes of applying collateral estoppel in a subsequent civil proceeding). *See also, United States v. Section 18,* 976 F.2d 515, 519 (9th Cir. 1992)("a guilty plea may be used to establish issue preclusion in a subsequent civil suit, [but] preclusion has only been allowed where an element of the crime to which the defendant pled guilty or of which he was convicted was at issue in the second suit.")(citations omitted); *Appley v. West,* 832 F.2d 1021, 1025-1026 (7th Cir. 1987)(acknowledging that "a guilty plea may be used to establish issue preclusion in a subsequent civil suit. 'In this Circuit, a criminal conviction based on a guilty plea conclusively establishes for purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted.'")(quoting *Nathan v. Tenna Corp.,* 560 F.2d 761, 763 (7th Cir. 1977)); *Matter of Raiford*, 695 F.2d 521, 523 (11th Cir. 1983 ("a judgment based on a guilty plea [is given] the same collateral estoppel effect as any other criminal conviction, conclusive of all issues that would have been resolved by a conviction following a contested trial.")(citations omitted); *Prosise v. Haring,* 667 F.2d 1133, 1140 (4th Cir. 1981), *aff'd,* 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983)(explaining that "decisions finding preclusion in guilty pleas have concerned issues that represented elements of the crime charged"   so that "it can with reason be said . . . that though not actually litigated they have necessarily been judicially admitted by the plea, so that the criminal defendant is estopped to contest them in subsequent civil litigation.")(citations omitted).

*But cf.* Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 4474.1 p. 450 (2002)("Wright and Miller"). Wright & Miller cautions that because there is no actual litigation in a guilty plea, issue preclusion should not be applied to a plea of guilty, and suggests that courts should apply judicial estoppel or other evidentiary use of the guilty plea in subsequent civil litigation because it "offers the advantage of avowed flexibility, permitting contentions inconsistent with the plea proceedings if the defendant can offer a persuasive explanation for changing positions."; Geoffrey C. Hazard, Jr., *Revisiting the Second Restatement of Judgments: Issue Preclusion and Related Problems,* 66 Cornell L.Rev. 564, 578 (1981)(stating that "[t]he clearest case for such an estoppel is where a defendant pleads guilty to a substantial criminal charge and then seeks in civil litigation concerning the same transaction to assert that he did not commit the criminal act.").

[7] *See, e.g., Klen v. City of Loveland,* 661 F.3d 498, 516 (10th Cir. 2011)("Under Colorado law, a no-contest plea, unlike a guilty plea, does not estop the defendant from denying fault in a later civil action.")(citation omitted); *Doherty v. American Motors Corp.,* 728 F.2d 334, 337 (6th Cir. 1984)("a plea of *nolo contendere* is a confession only for the purpose of the criminal prosecution and does not bind the defendant in a civil action for the same wrong")(citations omitted); *Lipsky v. Commonwealth United Corp,* 551 F.2d 887, 893-94 (2nd Cir 1976)(consent decrees, like nolo contendere pleas, may not be used in subsequent proceeding for collateral estoppel purposes, since

-14-

Given the requirement for "actual litigation" under New Mexico collateral estoppel law, the Court cannot find that the facts underlying Defendant's criminal conviction are entitled to collateral estoppel effect in this non-dischargeability proceeding. The original conviction was based on a plea of no contest under which Mr. Martinez did not admit guilt or any of the elements of the crime with which he was charged. The Conditional Discharge Order expressly stated that the plea was approved, but "without a finding of guilt." *See* Exhibit D. And though the Criminal Revocation Order found that Defendant Isaac S. Martinez admitted to all of the violations in the Petition to Revoke Probation, there is nothing before the Court indicating what actions constituted the violation of the probation order. Consequently, the evidence does not establish that Defendant Isaac S. Martinez's guilt in committing the crimes that formed the basis for his conviction were actually litigated as required under New Mexico law for collateral estoppel to apply to this subsequent, civil action.

    B.   <u>The Arizona Default Judgment</u>

<u>*Collateral Estoppel Requirements Under Arizona Law*</u>

The Default Judgment entered in the Arizona State Court Action awarded Plaintiffs a money judgment against Defendant Isaac S. Martinez and Cruz Delia Martinez in excess of $1,600,000.00. *See* Default Judgment attached to Supplement as Exhibit A. The required elements for collateral estoppel under Arizona law are:

---

issues sought to be precluded were not actually litigated); *Lichon v. American Universal Ins. Co.,* 435 Mich. 408, 429, 459 N.W.2d 288, 298 (1990)(explaining that a plea of *nolo contendere,* or no contest "'cannot be considered 'actual litigation,' at least not in terms of *collateral estoppel* jurisprudence. The essence of a *nolo contendere* plea is in its name, *'nolo contendere,'* or, 'I will not contest it.' If the charges are uncontested, they are necessarily unlitigated."). *See also* Restatement (Second) of Judgments § 27 comment e. (1982)("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated."). *But see, Lamb v. Anderson,* 147 P.3d 736, 742 (Alaska 2006)(holding "that a conviction based on a no contest plea will collaterally estop the criminal defendant from denying any element in a subsequent civil action against him that was necessarily established by the conviction, as long as the prior conviction was for a serious criminal offense and the defendant in fact had the opportunity for a full and fair hearing.").

> (1) the issue was actually litigated in a previous proceeding; (2) there was a valid and final decision on the merits; (3) resolution of the issue was essential to the decision; (4) there is common identity of the parties; and (5) there was a full and fair opportunity to litigate the issue.
>
> *Sunkist Growers, Inc. v. Fisher* 104 F.3d 280, 284 (9th Cir. 1997)(citations omitted).[8]

Under Arizona law, default judgments generally are not entitled to preclusive effect because such judgments fail to satisfy the "actually litigated" requirement. *See Dzurissin v. Taylor (In re Taylor),* 2011 WL 6217354, *2 (Bankr.D.Ariz. 2011)(stating that "Arizona courts hold that default judgments do not satisfy the 'actually litigated' requirement.")(citing *Chaney Bldg. Co. v. City of Tucson,* 148 Ariz. 571, 716 P.2d 28 (Ariz. 1986)(en banc)(remaining citations omitted).

Plaintiffs point out that although the Default Judgment is titled "default," Defendant Isaac S. Martinez actually did appear in the Arizona State Court Action and appeared at the hearing that resulted in the entry of the Default Judgment. Plaintiffs also rely on *Federal Deposit Ins. Corp. v. Daily (In re Daily),* 47 F.3d 365 (9th Cir. 1995) and *Gayden v. Nourbakhsh (In re Nourbakhsh),* 67 F.3d 798 (9th Cir. 1995) for the proposition that a default judgment *can* nevertheless be given preclusive effect based on a defendant's ongoing participation in a case. Neither *Nourbakhsh* nor *Daily* applied Arizona collateral estoppel law.[9] In *In re Bell,* 2008 WL 2277875 (D.Ariz. May 30, 2008)(unpublished), the Arizona District Court applied the elements for collateral estoppel under Arizona law and gave collateral estoppel effect to a partial summary judgment that was entered by default, finding that the defendants had filed an answer, took part in an evidentiary hearing, produced documents, and filed untimely responses to the motion for summary judgment. *Bell,* 2008 WL 2277875 at *4.

---

[8] *See also Garcia v. Gen. Motors Corp.* 195 Ariz. 510, 514, 990 P.2d 1069, 1073 (Ariz. Ct. App. 2000)(same).
[9] *Nourbakhsh* applied Florida collateral estoppel law. *Nourbakhsh,* 67 F.3d at 800. *Daily* applied federal collateral estoppel principals to an adversary proceeding filed in connection with a bankruptcy. *Daily,* 47 F.3d at 368 n.5.

Here, though the evidence Plaintiffs presented in support of summary judgment reflects that Defendant Isaac S. Martinez was present at the hearing in the Arizona State Court Action that resulted in the entry of the Default Judgment, and though the Default Judgment itself recites that Defendant Isaac S. Martinez participated in the Arizona State Court Action inasmuch as he sought to remove it to the United States District Court for the District of New Mexico, there is nothing from which this Court can discern whether the Arizona court's determination of liability or the amount of the money damages awarded to Plaintiffs in the Arizona State Court action was actually litigated.[10]  The Court can presume based on the Minute Entry, that Plaintiffs presented some evidence of their damages, but, without a transcript of the hearing, the Court cannot find that the damages issue, or, for that matter, the underlying civil personal injury tort claims, were actually litigated in the Arizona State Court Action.  Consequently, the Court concludes, based on the evidence before it, that the Default Judgment is not entitled to preclusive effect.

However, even though the evidence before the Court is insufficient to establish that the Default Judgment entered in the Arizona State Court Action is entitled to collateral estoppel effect in this non-dischargeability action, the Court would give the judgment collateral estoppel effect, at least as to the non-dischargeable character of the debt, if the Plaintiffs present admissible evidence showing that the Arizona Court relied on Ariz. Rev. Stat. § 13-807 to establish liability.  That statute provides that preclusive effect is to be given to a plea of no contest in a subsequent civil action filed by the victim of a crime to which the defendant has

---

[10]Further, the claims in the Arizona State Court Action included claims for assault, battery, intentional infliction of emotional distress, false imprisonment, negligent supervision, and negligence.  *See* Supplement, Exhibit A. *Id.*  And while the Default Judgment includes a finding that Defendant Isaac S. Martinez's acts were "willful and waqnton" [sic.], the Court cannot discern from the Default Judgment which causes of action formed the basis for the judgment. The decretal paragraph of the Default Judgment consists only of the damages award.  *Id.*  Thus the Court cannot determine whether the Default Judgment satisfies the elements necessary to a non-dischargeability claim under 11 U.S.C. § 523(a)(6).

-17-

pleaded guilty.[11]  Nothing in this Arizona statute requires that the plea of no contest resulting in a

criminal conviction be issued by an Arizona court.  That statute provides:

> A defendant convicted in a criminal proceeding is precluded from subsequently denying
> in any civil proceeding brought by the victim or this state against the criminal defendant
> the essential allegations of the criminal offense of which he was adjudged guilty,
> including judgments of guilt resulting from no contest pleas. An order of restitution in
> favor of a person does not preclude that person from brining a separate civil action and
> proving in that action damages in excess of the amount of the restitution order.

> Ariz. Rev. Stat.  Ann. § 13-807.[12]

Under this statute, a conviction, even if obtained by a plea of no contest, is entitled to preclusive

effect as to the essential allegations of the offense in a subsequent Arizona civil proceeding filed

by the victim of the crime against the criminal defendant.  *See W. Agric. Ins. Co. v. Brown,* 195

Ariz. 45, 48, 985 P.2d 530, 533 (Ct. App. 1998)(stating that under A.R.S. § 13-807 "the

legislature precluded defendants from denying in a civil case the essential elements of their

conviction in a criminal case, with no exceptions granted."); *Williams v. Baugh,* 214 Ariz. 471,

473, 154 P.3d 373, 375 (Ct.App. 2007)(acknowledging that "[t]he plain language of § 13-807

precludes the criminal defendant convicted of an offense from denying the essential allegations

of that offense in a civil case brought by the person injured by the criminal act[,]" but concluding

further  "that §13-807 does not preclude the criminal defendant who has been convicted of an

offense from raising affirmative defenses under [Ariz.  Rev. Stat.] § 13-413 in a subsequent civil

case that do not contradict the essential allegations of the offense.")(citation omitted).

---

[11] *See W. Agric. Ins. Co. v. Brown,* 195 Ariz. 45, 48, 985 P.2d 530, 533 (Ct.App. 1998)(explaining that A.R.S. § 13-807 "is not a codification of the collateral estoppel doctrine" but functions to preclude "relitigation of issues in the [subsequent] civil case.").

[12] This statute was amended in 2012 as follows:

> A defendant **who is** convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding brought by the victim or this state against the criminal defendant the essential allegations of the criminal offense of which he was adjudged guilty, including judgments of guilt resulting from no contest pleas. An order of restitution in favor of a person does not preclude that person from bringing a separate civil action and proving in that action damages in excess of the amount of the restitution order **that is actually paid.**  Ariz. Rev. Stat. § 13-807 (2012)(amended language in bold).

As discussed above, courts give collateral estoppel or other preclusive effect to a guilty plea in subsequent civil litigation where an element of the crime to which the defendant pleaded guilty was at issue in the subsequent, civil suit, even though the criminal conviction resulting from the guilty plea required no *actual* litigation.[13] Arizona Revised Statute § 13-807 affords the same preclusive effect to a criminal conviction entered upon a no contest plea. If the judgment issued in the Arizona State Court Action was based on the preclusive effect of Mr. Martinez's criminal plea of no contest that resulted in his conviction in New Mexico, the Arizona judgment, in fact, would not be a default judgment but would be a judgment entered based on application Ariz. Rev. Stat. § 13-807. The Arizona judgment, therefore, would have preclusive effect in further civil litigation between the same parties commenced in an Arizona state court where an element of the crime to which Mr. Martinez pleaded no contest was at issue. Under the Full Faith and Credit Act,[14] this Court would give preclusive effect to the Arizona judgment, provided the elements necessary to establish the criminal offense also establish the elements required under 11 U.S.C. § 523(a)(6).

### *Elements Required Under 11 U.S.C. § 523(a)(6)*

The Court concludes that the elements necessary to establish the criminal offense to which Mr. Martinez plead no contest also establish the elements under 11 U.S.C. § 523(a)(6). Debts resulting from a willful and malicious injury are not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6).[15] To prevail under this subsection, a creditor must demonstrate, by a

---

[13] See footnote 6 and the accompanying text.

[14] "[U]nder the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 771, 88 L.Ed.2d 877 (1986).

[15] Section 523(a)(6) provides:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt- -

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

-19-

preponderance of the evidence,[16] that the debtor both 1) intended the act that caused the injury; and 2) intended the harm.[17]   Intentional torts generally meet the requirements for non-dischargeability under 11 U.S.C. § 523(a)(6). *See Hernandez v. Musgrave (In re Musgrave),* 2011 WL 312883, at *11 (10th Cir. BAP Feb. 2, 2011)(unpublished)(observing that the Supreme Court  has "noted that the language of § 523(a)(6) mirrors the definition of an intentional tort . . . ")(citing *Geiger,* 523 U.S. at 61-62).[18]

  The criminal statute that Defendant Isaac S. Martinez was adjudged guilty of violating provides, in relevant part:

> Criminal sexual contact of a minor is the unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing of a minor to touch one's intimate parts.

> N.M.S.A. 1978 § 30-9-13(A).

In *State v. Osborne,* 111 N.M. 654, 808 P.2d 624 (1991), the New Mexico Supreme Court clarified that this statute contains a separate "unlawfulness" element which must also be proved in addition to the element of intent. *Osborne,* 111 N.M. at 658, 792 P.2d at 658. ("It is beyond dispute that the statute requires the state to prove, as an essential element of the offense, that the touching was done intentionally. It strains any ordinary reading of the conjunctive phrase

---

11 U.S.C. § 523(a)(6).

[16] *Dorr & Associates v. Pasek (In re Pasek),* 129 B.R. 247, 251 (Bankr.D.Wyo. 1991),  *judgment aff'd by* 983 F.2d 1524 (10th Cir. 1993)(noting that "the creditor's burden of proof in establishing a willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6) must be met by only the preponderance standard . . .")(citing *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755(1991)(establishing preponderance of the evidence standard for dischargeability claims))

[17] *See Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)(explaining that the "willful" requirement requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.")(emphasis in original). *See also, Hernandez v. Dorado (In re Dorado),* 400 B.R. 304, 311 (Bankr.D.N.M. 2008)(explaining that "'[w]illful' and 'malicious' under 11 U.S.C. § 523(a)(6) are two, distinct elements.")(citing *In re Gagle,* 230 B.R. 174, 179 (Bankr.D.Utah 1999) and  *In re Longley,* 235 B.R. 651, 655 (10th Cir. BAP 1999)). The "malicious" component of 11 U.S.C. § 523(a)(6) "requires that an intentional act be 'performed without justification or excuse.'" *Tso v. Nevarez (In re Nevarez),* 415 B.R. 540, 544 (Bankr.D.N.M. 2009)(quoting *Gagle,* 230 B.R. at 181).

[18] *But cf.  Richards v. Smith (In re Smith),* 2012 WL 425196,  at *4 (Bankr.D.Colo Feb. 9, 2012)(suggesting that *Geiger* "actually set the bar higher than simply finding that liability on an intentional tort is nondischargeable under § 523(a)(6).").

'unlawfully and intentionally touching' to interpret it as requiring the term "unlawfully" be given legal significance different from that of its companion term. The language of the statute itself therefore suggests that the legislature intended to make unlawfulness an element of the crime rather than lawfulness a defense.")(citation omitted). The Court, therefore, finds that the elements required under this New Mexico state criminal statute satisfy the willful and malicious requirements for non-dischargeability under 11 U.S.C. § 523(a)(6).

However, there is no evidence before this Court that the Arizona court in fact granted judgment on liability based on the preclusive effect of the criminal conviction resulting from Mr. Martinez's no contest plea. The denomination of the judgment as a Default Judgment suggests the contrary. Further, as discussed, the Default Judgment is not otherwise entitled to collateral estoppel effect. Therefore, the Court denies Plaintiffs' Motion for Summary Judgment insofar as it seeks a determination that the Default Judgment has preclusive effect in this adversary proceeding.

### *Non-dischargeability under 11 U.S.C. § 523(a)(13)*

Under 11 U.S.C. § 523(a)(13), a debt for payment of a restitution order issued under Title 18, United States Code, is non-dischargeable through bankruptcy. 11 U.S.C. § 523(a)(13). Under this subsection, the Court "does not redetermine whether a debtor is guilty of a title 18 crime and/or whether restitution should be awarded in connection with the crime. The Court merely determines whether the order at issue has imposed an obligation that is in the nature of 'restitution' and whether it was issued under the federal criminal code." *State of Colorado v. Jensen (In re Jensen),* 395 B.R. 472, 488 (Bankr.D.Colo. 2008). The Criminal Revocation Order that imposed on Defendant Isaac S. Martinez an obligation to pay Plaintiffs for the costs of counseling for the victims appears to be in the nature of restitution, but the order was issued by

-21-

the State District Court of the County of Hidalgo pursuant to state law. "By its terms, paragraph (13) applies only to restitution orders for a criminal offense under title 18. It does not apply to restitution orders issued in state criminal prosecutions[.]" 4 Collier on Bankruptcy ¶ 523.19 (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. Rev. 2009). The Criminal Revocation Order that gives rise to the debt was not issued under the federal criminal code. Such debt, therefore, does not fall within the parameters of 11 U.S.C. § 523(a)(13).

     C.   <u>Whether the Debt is Non-dischargeable as to the community property of Cruz Delia Martinez</u>

The Default Judgment was entered against Cruz Delia Martinez, who was Isaac Martinez's spouse at the time of the incidents. Cruz Delia Martinez has not filed an answer or otherwise responded to the Complaint. She is, therefore, in default. However, because the Arizona Default Judgment fails to meet the requirements for collateral estoppel under applicable Arizona law, the Court will not enter summary judgment against Cruz Delia Martinez.[19] Further, Plaintiffs concede that Cruz Delia Martinez was no longer married to Isaac Martinez at the time Isaac Martinez filed bankruptcy. Thus, no community property interest of Cruz Delia Martinez

---

[19] The Default Judgment entered in the civil action was also entered against Cruz Delia Martinez. However, the certified copy of the Minute Entry from the default hearing held May 11, 2011 does not reflect that Cruz Delia Martinez was present.

passed into the bankruptcy estate in this case.[20]  Consequently the bankruptcy discharge entered

in this bankruptcy case has no application to any debt of Cruz Delia Martinez.[21]

> D.  <u>Whether the Debt is Non-dischargeable as to the Community Property of the Non-
> filing Spouse</u>

Plaintiffs have not alleged that Verenice Martinez was Isaac Martinez's spouse at the

time that the debt arose.  Indeed, Plaintiffs concede that she was not Isaac Martinez's spouse at

the time the incidents occurred, and she was not a named defendant in the Default Judgment. *See*

Motion for Summary Judgment, p. 9 and Exhibit A.  Rather, Plaintiffs contend that because

Verenice Martinez was Isaac Martinez's wife as of the time Isaac Martinez filed his bankruptcy

petition, she is not entitled to the benefit of the community discharge under 11 U.S.C. §

524(a)(3) as to the non-dischargeable debt of Isaac Martinez.

This argument overlooks one of the required elements for determining whether the

community discharge is applicable to an "innocent" spouse.   Section 524(a)(3) provides:

> A discharge in a case under this title—
>> operates as an injunction against the commencement or continuation of an
>> action, the employment of process, or an act, to collect or recover from, or
>> offset against, property of the debtor of the kind specified in section
>> 541(a)(2) of this title that is acquired after the commencement of the case,
>> on account of any allowable community claim, except a community claim
>> that is excepted from discharge under section 523, 1228(a)(1), or
>> 1328(a)(1), or that would be so excepted, determined in accordance with
>> the provisions of sections 523(c) and 523(d) of this title, in a case
>> concerning the debtor's spouse commenced on the date of the filing of the

---

[20]Under New Mexico community property law, property acquired after the entry of a divorce decree is separate property.  *See* N.M.S.A. 1978 § 40-3-8 (2006 Repl.Pamp.)(separate property is "property acquired after entry of a decree entered pursuant to Section 40-4-3 NMSA 1978, unless the decree provides otherwise.").
Under the Bankruptcy Code, the community property interest of the non-filing spouse become property of the bankruptcy estate.  *See* 11 U.S.C. § 541 (property of the bankruptcy estate includes "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case . . ."); *Swink v. Sunwest Bank (In re Fingado)*, 113 B.R. 37, 39 (Bankr.D.N.M. 1990), *subsequently aff'd by* 995 F.2d 175 (10th Cir. 1993)( "[A] petition by one spouse passes all community property into property of the estate.")(citation omitted).  Here, because Cruz Delia Martinez was not married to Isaac S. Martinez as of the date Isaac S. Martinez filed his bankruptcy case, there was no community property interest of Cruz Delia Martinez that became property of the bankruptcy estate.
[21]*Cf. Gonzales v. Costanza (In re Costanza)*, 151 B.R. 588, 589 n.5 (Bankr.D.N.M. 1993)(noting that the discharge injunction under "Section 524(a)(3) is only available to the marital community.  Upon dissolution of the marriage its protection no longer exists.")(citation omitted).

petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

11 U.S.C. § 524(a)(3).

When considering whether the community discharge under 11 U.S.C. § 524(a)(3) applies, the court must first determine whether the debt is a community debt under state law; then, the court determines the scope of the discharge. *Arcadia Farms, Ltd. v. Rollinson (In re Rollinson),* 322 B.R. 879, 881 (Bankr.D.Ariz. 2005)("Once a debt has been determined to be a community debt pursuant to state law, the second issue is the scope of the discharge.").[22] Under New Mexico law, a community debt is "a debt contracted or incurred by either or both spouses during marriage which is not a separate debt." N.M.S.A. 1978 § 40-3-9(B) 2006 Repl. Pamp.). Plaintiffs base their assertion that Verenice Martinez should not be entitled to the benefit of the community discharge on the fact that she was Defendant Isaac S. Martinez's spouse *at the time that the bankruptcy was filed*. However, because there is no allegation that the debt arose as a result of a tort committed during the marriage, Plaintiffs have failed to allege that the debt is a community debt under New Mexico law. Consequently, 11 U.S.C. § 524(a)(3) simply has no application.

---

[22]Under Arizona law, once it has been established that the debt is not a community debt, "neither the community property nor the innocent spouse's sole and separate property is ever liable for the guilty spouse's sole and separate debt, whether it be dischargeable or not." *Rollinson,* 322 B.R. at 883. *See also, Kosac v. Clark (In re Clark),* 179 B.R. 898, 901 (Bankr.D.Ariz. 1995)(stating that "[c]ommunity property is not liable for a debt unless it is shown to be a community debt.")(citing 11 U.S.C. [§] 524 and *In re Maready,* 122 B.R. 378, 381 (9th Cir. BAP 1991)).

Under New Mexico community property law, community property is liable for the community debts of both spouses. *See First New Mexico Bank v. Bruton (In re Bruton),* 2011 WL 6148702, at *7 (Bankr.D.N.M. Dec. 12, 2011)("under New Mexico law, there is a presumption that the debts incurred by either spouse during marriage constitute community debts, and the at community debts may be satisfied from the community property interests of both spouses.")(citations omitted). However, "a debt which arises from a tort committed by a spouse before marriage" constitutes a separate debt. N.M.S.A. 1978 § 40-3-9(5)(2006 Repl. Pamp.). And while a spouse's separate debt may be collected from that spouse's interest in community property, a creditor may not collect the separate debt of one spouse from the community property interest of the other spouse. *See* N.M.S.A. 1978 § 40-3-10 (Repl. Pamp. 2006)("The separate debt of a spouse shall be satisfied first from the debtor spouse's separate property  . . . . Should such property be insufficient, then the debt shall be satisfied from the debtor spouse's one-half interest in the community property . . . . Neither spouse's interest in community property or separate property shall be liable for the separate debt of the other spouse.").

-24-

CONCLUSION

Based on the foregoing, the Court concludes that Plaintiffs are not entitled to summary judgment on their non-dischargeability claim against Defendant Isaac C. Martinez under 11 U.S.C. § 523(a)(6). Nor are Plaintiffs entitled to a judgment of non-dischargeability against Defendant Isaac C. Martinez under 11 U.S.C. § 523(a)(13). The evidence fails to establish that either the Arizona Default Judgment or the orders adjudging Defendant Isaac C. Martinez guilty of a third degree felony in the Criminal Action satisfy the "actually litigated" requirement for collateral estoppel under applicable Arizona and New Mexico law.

The Court will enter separate orders consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:  May 10, 2012

COPY TO:

**Louis Puccini, Jr.**
**Leslie Thompson**
Puccini Law, P.A.
Attorneys for Plaintiffs
PO Box 50700
Albuquerque, NM 87181-0700

**Isaac S. Martinez**
Defendant
PO Box 86564
Tucson, AZ 85754

-25-