UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  ISAAC S. MARTINEZ, d/b/a                                              No. 7-09-15502 JL
        GREAT WESTERN TRUCK SERVICE,

        Debtor.

JANE DOE, a minor, by an through
Her next friend EVA HUGHES, her
Mother and natural guardian; MARY
DOE, a minor, by and through her
Next friend EVA HUGHES, her mother
And natural guardian,

        Plaintiffs,

v.                                                                            Adversary No. 10-1039 J

ISAAC S. MARTINEZ, d/b/a
GREAT WESTERN TRUCK SERVICE;
CRUZ DELIEA MARTINEZ, spouse
Or former spouse; VERENICE MARTINEZ,
Spouse,

        Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiffs' Second Motion for Summary Judgment ("Second Motion for Summary Judgment"). *See* Docket No. 58. Plaintiffs also filed a Memorandum in Support of Plaintiffs' Second Motion for Summary Judgment ("Plaintiffs' Memorandum"). *See* Docket No. 59. Defendant, Isaac S. Martinez (hereinafter "Defendant"), *pro se,* filed a response to the Second Motion for Summary Judgment (Docket No. 61) and Plaintiffs filed a reply (Docket No. 62). On February 8, 2013, the Court directed Plaintiffs to file an authenticated copy of the complaint from Plaintiffs' civil action filed in the Superior Court of Arizona. *See* Order Directing Plaintiffs to File Authenticated Copy of Complaint filed in Arizona State Court Action ("Order") Docket No.63. In response to the Order, Plaintiffs filed

a Notice of Authenticated Pleadings in Support of Plaintiff's Second Motion for Summary Judgment ("Plaintiffs' Submission of Authenticated Pleadings"). *See* Docket No. 65. The Submission of Authenticated Pleadings includes an authenticated copy of the complaint dated December 31, 2008 filed in the Plaintiffs' Arizona civil action. *Id.*

After consideration of the Second Motion for Summary Judgment, Plaintiffs' Memorandum, Defendant's response, Plaintiffs' reply, and the complaint from the Arizona civil action attached to Plaintiffs' Submission of Authenticated Pleadings, the Court finds that Plaintiffs are entitled to summary judgment based on the application of A.R.S. § 13-807 to the Plaintiffs' civil personal injury tort claims filed in the Superior Court of Arizona, County of Maricopa (the "Arizona State Court").

## BACKGROUND

Plaintiffs filed this adversary proceeding seeking a determination of non-dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6) and 11 U.S.C. § 523(a)(13). Prior to the filing of the Defendant's bankruptcy case, Defendant pleaded no contest to two counts of criminal sexual contact of a minor in the third degree, and was ultimately convicted of those crimes in the Sixth Judicial District Court, County of Hidalgo, State of New Mexico (the "New Mexico State Court"). Plaintiffs filed a personal injury suit against Defendants Isaac S. Martinez and Cruz Delia Martinez in the Arizona State Court, and, following a hearing on damages, obtained a default judgment (the "Default Judgment") against Defendant and Cruz Delia Martinez in the amount of $1,600,564. 50, including punitive damages in the amount of $600,000. It is the debt awarded in the Default Judgment that Plaintiffs assert is non-dischargeable under 11 U.S.C. § 523(a)(6). Plaintiffs also assert that an award in the amount of $10,000 entered by the New

2

Mexico State Court against Defendant and in favor of Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(13).

Previously, the Court entered a Memorandum Opinion determining that neither the conviction entered in the New Mexico State Court nor the Default Judgment entered in the Arizona State Court were entitled to preclusive effect in this non-dischargeability proceeding based on the record then before this Court. *See* Memorandum Opinion, pp. 15 and 17 (Docket No. 46). With respect to the Default Judgment, the Court determined under Arizona collateral estoppel law that there was insufficient evidence from the damages hearing held in the Arizona State Court from which the Court could determine whether the damages issue or the underlying civil personal injury tort claims were actually litigated. *Id.* at p. 17 The Court indicated it would give the Default Judgment collateral estoppel effect as to the non-dischargeable character of the debt represented by the Default Judgment provided Plaintiffs presented admissible evidence demonstrating either 1) that the Arizona State Court actually litigated the issue of Defendant's liability for Plaintiffs' underlying claims; or 2) that the Arizona State Court relied on Ariz. Rev. Stat. § 13-807 (providing that a plea of no contest is sufficient to establish the essential allegations of the underlying criminal offense in a subsequent civil action brought by the victim against the criminal defendant) to establish liability.[1] *Id.* The Court also found that the award granted by the New Mexico State Court did not fall within 11 U.S.C. § 523(a)(13). *Id.* at 22.

*Summary Judgment Standards and Defendant's Failure to Comply with NM LBR 7056-1(c)*

Summary judgment is governed by Fed.R.Civ.P. 56, made applicable to adversary proceedings by Fed.R.Bankr.P. 7056. Summary judgment is properly granted when the movant

---

[1] After having reviewed the additional material supplied by Plaintiffs, the Court is satisfied that A.R.S. § 13-807 applies regardless of whether the Arizona State Court actually relied on A.R.S. §13-807 in issuing the Default Judgment.

3

demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The party requesting summary judgment "bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Plaintiffs point out that Defendant failed to comply with NM LBR 7056-1(c) requiring a party opposing summary judgment to: 1) list the material facts as to which the party contends a genuine fact exists; 2) "refer with particularity to those portions of the record upon which the opposing party relies;" and 3) "state the number of the movant's fact that is disputed." NM-LBR 7056-1(c). Defendant's Response requests the Court to "re-examine" his prior response to Plaintiffs' motion for summary judgment filed on January 19, 2012. This Court previously determined that it would not consider the documents Defendant submitted in response to Plaintiffs' first motion for summary judgment because the documents were not authenticated. *See* Order Granting, in part, and Denying, in part, Plaintiffs' Motion to Strike Defendant Isaac S. Martinez's Response to Plaintiffs' Motion for Summary Judgment and Attached Exhibits B – E filed in Violation of Rule 9037 (A) (Docket No. 44). The Court's prior ruling still stands.

Defendant's Response attaches excerpts from Plaintiffs' exhibits offered in support of the Second Motion for Summary Judgment and asserts that certain statements therein are false. *See* Response, p. 3 (Docket No. 61). Identifying allegedly false statements in this manner, with no

4

supporting affidavit or other admissible evidence, fails to create a controverted fact.  Defendant's Response falls short of the requirements of NM-LBR 7056-(c).  Consequently, Plaintiffs' properly supported material facts are deemed admitted for purposes of summary judgment.  *See* NM-LBR 7056-1(c).[2]  Nevertheless, summary judgment may only be granted based on the properly supported material facts that are deemed admitted if such facts are sufficient to conclude that Plaintiffs are entitled to judgment as a matter of law.

*Documents Submitted in Support of Plaintiffs' Second Motion for Summary Judgment*

In support of the Second Motion for Summary Judgment Plaintiffs attached the following documents:

1. A copy of the Civil Court Case Information –Case History from the Arizona State Court Action.

2. A copy of the Civil Docket for Case # 1:09-cv-00104-WJ-WPL from the removal of the Arizona State Court Action to the United States District Court for the District of New Mexico.

3. A copy of the Civil Docket for Case #1:10-cv-00454-JB-WDS from the withdrawal of the reference of this adversary proceeding to the United States District Court for the District of New Mexico.

---

[2]Plaintiffs also assert that Defendant failed to deny the allegations contained in the Complaint to Determine Dischargeability of Personal Injury Tort Claim Pursuant to 11 U.S.C. § 523(a)(6) and 523(a)(13) (the "Complaint"), and that pursuant to Fed.R.Bankr.P. 7008, allegations 1 – 24 in Plaintiffs Complaint are deemed admitted.  *See* Memorandum, p. 4.  Defendant Isaac Martinez' Response to Complaint to Determine Dischargeability of Personal Injury Tort Claim Pursuant to 11 U.S.C. § 523(a)(6) and 523(a)(13) ("Answer") to the Complaint does not specifically refer to numbered paragraphs 1 – 24 contained in the Complaint.  *See* Docket No. 4.  In fact, the Answer does not reference any of the numbered paragraphs contained in the Complaint.   However, the Answer identifies each of the seven counts in the Complaint and denies all allegations of assault, battery, intentional infliction of emotional distress, false imprisonment, and willful and malicious injuries. *Id.*  These denials are sufficient for purposes of complying with Fed.R.Civ.P.  8(b)(allowing for general denials).   In addition, each count in Plaintiffs' Complaint incorporates by reference all of the previous allegations.  Thus by asserting a general denial of each of the Counts, Defendant has also arguably made a general denial of the additional incorporated allegations.

5

4. A copy of the complete transcript of the proceedings from the default hearing held in the Arizona State Court Action on May 11, 2011 (the "Default Hearing Transcript").

Pursuant to the Court's request, Plaintiffs also filed an authenticated copy of the complaint filed in the Arizona State Court Action (the "Arizona Civil Complaint"). *See* Docket No. 65-1.

*Facts not Subject to Genuine Issue of Material Dispute*

The following facts necessary to rule on the Second Motion for Summary Judgment are not subject to material dispute:

1. Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 1, 2009.

2. Defendant was convicted in the New Mexico State Court of two counts of criminal sexual contact with a minor in the third degree based on a plea of no contest.

3. The New Mexico State Court issued an Order Revoking Conditional Discharge and Imposing Deferred Sentence (the "Criminal Revocation Order") on November 30, 2005.

4. The Criminal Revocation Order found and adjudged Defendant guilty and convicted of two counts Criminal Sexual Contact of a Minor (Child Under 13) in violation of N.M.S.A. 1978 §30-9-13A.

5. The Criminal Revocation Order ordered Defendant to pay Eva Hughes $10,000 for the cost of counseling for the two victims. The Criminal Revocation Order included the following provision:

> Defendant shall sign a promissory note to Eva Hughes in the amount of $10,000 for cost of counseling for the two victims stating the debt is not dischargeable in bankruptcy and include a payment schedule of not more than sixty (60) months beginning December 1, 2005 and judgment interest at the rate of 8.75 percent . . .

6

6. Plaintiffs were the victims of the crimes for which Defendant was adjudged guilty and convicted.[3]

7. Plaintiffs filed an action in the Arizona State Court against Defendant alleging assault, battery, intentional infliction of emotional distress, false imprisonment, negligent supervision and negligence (the "Arizona State Court Action").

8. The Arizona Civil Complaint filed in the Arizona State Court Action contains the following allegations:

    a) Plaintiffs were wrongfully sexually assaulted by Defendant Arizona Civil Complaint, Paragraph VI.

    b) Defendant's conduct was outrageous, intolerable and egregious, wanton and willful. Arizona Civil Complaint, Paragraph IX.

    c) Defendant wrongfully and physically used force against Plaintiffs. Arizona Civil Complaint, Count One, Paragraph XI.

    d) Defendant intentionally caused a harmful or offensive contact with Plaintiffs. Arizona Civil Complaint, Count Two, Paragraph XVI.

    e) Defendant's conduct was extreme, outrageous, egregious, wanton and willful when he sexually assaulted Plaintiffs. Arizona Civil Complaint, Count Four, Paragraph XXII.

---

[3] The Court includes this fact as not subject to genuine issue of material dispute by making an inference based on the following: 1) the Criminal Revocation Order included an order for Defendant to pay Eva Hughes restitution for the cost of counseling for the two victims; 2) Plaintiffs filed this action by and through their next friend, Eva Hughes, Plaintiffs' mother and natural guardian; and 3) the caption in the Arizona Civil Complaint reflects that the Arizona Civil Complaint was filed by two unidentified minors by and through their next friend, Eva Hughes, their mother and natural guardian. Defendant has not questioned the fact that Plaintiffs in this adversary proceeding were the victims in the underlying criminal action.

7

9. Defendant denied these allegations in the answer he filed to the Arizona Civil Complaint. *See* Answer and Affirmative Defenses by Defendant attached to Plaintiff's Submission of Authenticated Pleadings - Docket No. 65-2.

10. Defendant attempted to remove the Arizona State Court Action to the United States District Court for the District of New Mexico. That effort was ultimately unsuccessful.

11. The Arizona State Court entered a Default Judgment against Defendants Isaac S. Martinez and Cruz Delia Martinez in the State Court Action on May 18, 2011.

12. Defendant's liability in the State Court Action was determined by default.

13. Defendant was present and actively participated in the evidentiary hearing on damages in the Arizona State Court Action.

14. The Default Judgment awarded Plaintiffs damages in the amount of $1,600,564.50 including $600,000 in punitive damages.

DISCUSSION

*Whether the Default Judgment is Entitled to Collateral Estoppel Effect*

Plaintiffs assert that the debt represented by the Default Judgment awarding Plaintiffs $1,600,564.50 in actual and punitive damages is a non-dischargeable debt arising from Defendant's willful and malicious conduct, and that the Default Judgment is entitled to preclusive effect. The Arizona State Court awarded Plaintiffs damages based on conduct by the Defendant for which he was found and adjudged guilty under N.M.S.A. 1978 § 30-9-13A. As previously determined by the Court in its prior Memorandum Opinion, the Court must apply the law of Arizona to determine whether the Default Judgment is entitled to preclusive effect. The required elements for issue preclusion, also known as collateral estoppel under Arizona law are:

> (1) the issue was actually litigated in a previous proceeding; (2) there was a valid and final decision on the merits; (3) resolution of the issue was essential to the decision;

8

(4) there is common identity of the parties; and (5) there was a full and fair opportunity to litigate the issue.

*Sunkist Growers, Inc. v. Fisher* 104 F.3d 280, 284 (9th Cir. 1997)(citations omitted).[4] Under Arizona law, default judgments generally are not entitled to preclusive effect because such judgments fail to satisfy the "actually litigated" requirement. *See Dzurissin v. Taylor (In re Taylor),* 2011 WL 6217354, *2 (Bankr.D.Ariz. 2011)(stating that "Arizona courts hold that default judgments do not satisfy the 'actually litigated' requirement.")(citing *Chaney Bldg. Co. v. City of Tucson,* 148 Ariz. 571, 716 P.2d 28 (Ariz. 1986)(en banc)(remaining citations omitted)).

Plaintiffs continue to assert that, despite the default nature of the judgment, Defendant actively participated in the Arizona State Court Action, including his participation in the damages hearing. The Default Hearing Transcript reflects that Defendant was present and was allowed to participate in the damages hearing. However, the Default Hearing Transcript fails to establish that the issue of Defendant's liability for Plaintiffs' personal injury tort claims was actually litigated in the Arizona State Court Action.

The Default Hearing Transcript includes statements by Plaintiffs' counsel describing Defendant's actions. Statements of counsel do not constitute evidence. Plaintiffs' counsel referenced certain exhibits as part of the damages hearing and those exhibits were admitted into evidence at the damages hearing, but the exhibits used at the damages hearing were not included as exhibits to Plaintiffs' Second Motion for Summary Judgment. Eva Hughes' testimony at the damages hearing also fails to establish that Defendant committed the underlying acts. Ms. Hughes testified about her daughters' emotional condition, presuming that Defendant's actions caused her daughters' emotional distress. In short, because the hearing was limited to the question of damages, Defendant's *liability* was a given.

---

[4] *See also Garcia v. Gen. Motors Corp.* 195 Ariz. 510, 514, 990 P.2d 1069, 1073 (Ariz. Ct. App. 2000)(same).

The Arizona State Court made it clear that Defendant could participate in the hearing to the extent that the Defendant questioned the requested damages, but acknowledged that "you were not here to contest issues of liability." Default Hearing Transcript, p. 11 lines 9 -10. When Defendant attempted to ask questions of Ms. Hughes related to the underlying actions, the Court explained further that:

> This is not a time to retry the allegations against you. The allegations I'm going to accept as true. There is a default; the default has been appropriately taken against you. And this is the time for a hearing on the damages as a result of the facts I now accept as true that have been alleged in the complaint. We're not going to retry this case; we're not going to put anybody in this courtroom on trial as to the v[e]racity of the allegations made against you. Those allegations are accepted as true. To the extent that you have a question about the damages that are being alleged, the emotional trauma that's occurred as a result of the actions – of your actions – then you may ask those questions. But we're not going to get into the specifics and the – of the allegations themselves as to whether they occurred or did not occur.

Default Hearing Transcript, p. 21 lines 14-25; p. 22, lines 1 - 4.

Because the Default Hearing was limited to the question of damages, and because the Arizona State Court accepted as true the underlying claims, there is insufficient evidence before the Court that the Defendant's liability was actually litigated in connection with the entry of the Default Judgment notwithstanding Defendant's active participation in the damages hearing. The Default Hearing Transcript demonstrates that Defendant did not actually litigate the issue of his liability in the damages hearing. Thus the requirements for collateral estoppel under Arizona law have not been fully satisfied, absent reliance on A.R.S. § 13-807, even though the other elements necessary to the application of collateral estoppel have been met: the Default Judgment is a valid and final decision on the merits and was issued premised on the Defendant's underlying liability; the parties in the Arizona State Court Action are the same as the parties in this adversary proceeding; and, based on the Defendant's active participation in the Arizona State

10

Court Action, the Defendant was given a full and fair opportunity to litigate.[5] However, no actual litigation of the Plaintiffs' personal injury tort claims and Defendant's liability for those claims occurred in the Arizona State Court Action.

Plaintiffs' argument raised in their reply that the Arizona State Court's award of punitive damages necessarily presumes that the Defendant acted with the requisite willful and malicious intent for purposes of establishing non-dischargeability is likewise unavailing. Under Arizona law, punitive damages "are to be 'based on gross, wanton, malicious and oppressive conduct **or** on conduct which shows spite, ill will, or reckless indifference to the interest of others.'" *Carter-Glogau Laboratories, Inc. v. Construction, Production & Maintenance Laborers' Local 383,* 153 Ariz. 351, 357, 736 P.2d 1163, 1169 (Ct. App. 1986)(quoting *Salt River Valley Water Users' Ass'n v. Giglio,* 113 Ariz. 190, 202, 549 P.2d 162, 174 (1976))(emphasis added). *See also, Irvin v. Lexington Ins. Co.,* 2010 WL 3450986 (Ct. App. 2010)(stating that "[p]roof of an evil mind to support punitive damages does not require evidence of a subjective intent to injure.")(citations omitted). The fact that the Arizona State Court awarded punitive damages is insufficient to conclusively establish willful and malicious conduct for purposes of non-dischargeability because it is possible to award punitive damages based on a lesser standard.

In addition, the Default Judgment awarding Plaintiffs damages is premised on a finding of liability for the underlying claim by default. As analyzed above, the Default Hearing Transcript hearing fails to establish that the Defendant's actions underlying his liability were actually litigated. The Court should not infer the determination of liability of the underlying claim based on the fact that the damages award includes a punitive damages component. *See Sill v. Sweeney (In re Sweeney),* 276 B.R. 186 (6th Cir. BAP 2002)(declining to infer state court's

---

[5] In its prior Memorandum Opinion, the Court determined that all elements for collateral estoppel other than the "actually litigated" element were satisfied. *See* Memorandum Opinion (Docket No. 46).

determination of the merits of the underlying fraud claim based on a default judgment that included and award of punitive damages).[6] The *Sweeney* court observed that:

> one could reason that the court's award of punitive damages on the fraud count must mean that it actually decided that a fraud was committed. But that same reasoning would find preclusion to be the result of *every* default judgment, and so in every automobile accident case we would reason backwards from an award of damages to the conclusion that the court *must* have decided that the defendant was negligent. Even if a review of the record showed that evidence had been presented from which the court *could* have found negligence, there would be no assurance that it did, for we can never know whether the court awarded damages based on the evidence presented or merely on the defendant's default, as it was entitled to. It would always be free to ignore the evidence, or find it insufficient, and rely on the default instead. Only findings, or something like them, will show whether the court actually decided the question[.]

*Sweeney,* 276 B.R. at 195.

In awarding punitive damages, the Arizona State Court made the following remarks:

> I will only say in comment to your position that your lack of remorse is stunning. And your lack of - - having plead *guilty* to two counts arising out of the allegations against you, and you're standing here today before this Court saying that you stand here as an innocent man is testimony that I will consider in terms of the Plaintiff[s]' entitlement to damages for punitive – punitive damages, because I think that's a statement that goes a long way towards justifying an award of punitive damages. (emphasis added).

Default Hearing Transcript, p. 29, lines 23 - 25 and p. 30, lines 1 – 6.

This excerpt indicates that the Arizona State Court issued punitive damages based on the court's belief that Defendant lacked remorse and based on Defendant's prior guilty plea. But Defendant did not plead guilty; he pleaded no contest. Under these circumstances, the Court will not infer liability for the underlying claim based on the Arizona State Court's imposition of punitive damages.

---

[6]*See also, Clark v. Springhart (In re Springhart),* 450 B.R. 725, 733 (Bankr.S.D.Ohio 2011) (explaining that "because a default judgment obviates the plaintiff's burden of proving the elements of the claim, one cannot assume that the merits were determined from either the default judgment itself or an award of damages in conjunction with a default judgment."). *But cf. Miller v. Grimsley (In re Grimsley),* 449 B.R. 602, 618 (Bankr.S.D.Ohio 2011)(stating "that a bankruptcy court in a dischargeability case may infer a finding of fraud by a nonbankruptcy court when punitive damages are awarded against the debtor[ ]" where a jury verdict that includes an award of compensatory and punitive damages necessarily requires a finding of the requisite non-dischargeability elements).

Finally, Plaintiffs assert that even though the Arizona State Court did not specifically reference A.R.S. §13-807 in issuing the Default Judgment, that statute nevertheless applies to the Plaintiffs' civil personal injury tort claims asserted in the Arizona State Court Action. This Court agrees. Section 13-807 of the Arizona Revised Statute provides:

> A defendant convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding brought by the victim or this state against the criminal defendant the essential allegations of the criminal offense of which he was adjudged guilty, including judgments of guilt resulting from no contest pleas. An order of restitution in favor of a person does not preclude that person from bringing a separate civil action and proving in that action damages in excess of the amount of the restitution order.

Ariz. Rev. Stat. Ann. § 13-807.[7]

Arizona Revised Statute section 13-807 "is not a codification of the collateral estoppel doctrine" but functions to preclude "relitigation of issues in the [subsequent] civil case." *W. Agric. Ins. Co. v. Brown,* 195 Ariz. 45, 48, 985 P.2d 530, 533 (Ct.App. 1998). "In section 13-807, the legislature precluded defendants from denying in a civil case the essential elements of their conviction in a criminal case, with no exceptions granted." *Id.* Thus, under A.R.S. § 13-807, Defendant was precluded from denying in the Arizona State Court Action the essential elements of the criminal offense for which he was adjudged guilty following his plea of no contest in the New Mexico State Court.

The New Mexico statute under which Defendant was adjudged guilty provides, in relevant part:

> Criminal sexual contact of a minor is the unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing of a minor to touch one's intimate parts.

---

[7]This statute was amended in 2012 as follows:
A defendant **who is** convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding brought by the victim or this state against the criminal defendant the essential allegations of the criminal offense of which he was adjudged guilty, including judgments of guilt resulting from no contest pleas. An order of restitution in favor of a person does not preclude that person from bringing a separate civil action and proving in that action damages in excess of the amount of the restitution order **that is actually paid.** Ariz. Rev. Stat. § 13-807 (2012)(amended language in bold).

N.M.S.A. 1978 § 30-9-13(A). [8]

The Arizona Civil Complaint was predicated on Defendant's criminal sexual assault, and includes claims for assault, battery, intentional infliction of emotional distress, false imprisonment, negligent supervision, and negligence. The Arizona Civil Complaint includes allegations in support of Plaintiffs' civil tort claims indicating that Defendant acted both willfully and with intent to cause harm, addressing both elements required for non-dischargeability under 11 U.S.C. § 523(a)(6).[9] *See* Arizona Civil Complaint, Paragraph VI (stating that "Plaintiffs were wrongfully sexually assaulted by Isaac Martinez"); Paragraph XI (stating that Defendant "wrongfully and physically used force against Plaintiffs"); XVI (stating that Defendant "intentionally caused a harmful or offensive contact"). These claims arise out of the same conduct on the part of Defendant that formed the basis of the crimes for which Defendant was adjudged guilty in the New Mexico State Court.

Defendant denied these allegations in the Arizona State Court Action. *See* Answer and Affirmative Defenses by Defendant attached to Plaintiff's Submission of Authenticated Pleadings - Docket No. 65-2. But under A.R.S. §13-807, he was precluded from denying the essential allegations of the criminal offenses of which he was adjudged guilty by the New Mexico State Court. This had the legal effect of establishing the facts underlying the elements of the crime as true for purposes of the Arizona State Court Action, regardless of the degree to

---

[8] In its prior Memorandum Opinion, the Court determined that the elements contained in this New Mexico criminal statute satisfied all of the required elements for non-dischargeability under 11 U.S.C. § 523(a)(6). *See* Memorandum Opinion, pp. 20 - 21 (Docket No. 46).

[9] Non-dischargeability under 11 U.S.C. § 523(a)(6) requires proof that the defendant both 1) intended the act that caused the injury; and 2) intended the harm. *See Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1988)(explaining that the "willful" requirement requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.")(emphasis in original). *See also, Hernandez v. Dorado (In re Dorado),* 400 B.R. 304, 311 (Bankr.D.N.M. 2008)(explaining that "'[w]illful' and 'malicious' under 11 U.S.C. § 523(a)(6) are two distinct elements.")(citing *America First Credit Union v. Gagle (In re Gagle),* 230 B.R. 174, 179 (Bankr.D.Utah 1999) and *In re Longley* 235 B.R. 651, 655 (10th Cir. BAP 1999)). The "malicious" component of 11 U.S.C. § 523(a)(6) "requires that an intentional act be 'performed without justification or excuse.'" *Tso v. Nevarez (In re Nevarez),* 415 B.R . 540, 544 (Bankr.D.N.M. 2009)(quoting *Gagle,* 230 B.R. at 181).

14

which Defendant actively litigated liability in that action. Because A.R.S. §13-807 precludes a defendant from contesting the underlying elements of the crime that form the basis for subsequent civil liability, A.R.S. § 13-807 can serve as a substitute for the "actually litigated" requirement for collateral estoppel under Arizona law with respect to liability.

Here, A.R.S. § 13-807 applies because Defendant was adjudged guilty and convicted based on a plea of no contest, and the victims of the crime filed a subsequent civil action against the Defendant in Arizona based on the same actions that formed the basis of the criminal proceeding. Consequently, the "actually litigated" requirement for giving collateral estoppel effect to the Default Judgment with respect to liability has been satisfied by application of A.R.S. § 13-807.[10] To hold otherwise would mean that a plaintiff would be forced to litigate liability in order to satisfy the requirements for collateral estoppel even when A.R.S. §13-807 is applicable. That result would be contrary to the apparent purpose of the statute, which is to protect victims of those convicted of crimes when the victims bring subsequent civil litigation, not to erect hurdles for the victims to overcome. Because all other elements necessary to give collateral estoppel effect to the Default Judgment have already been satisfied, Plaintiffs are entitled to summary judgment on their claim for non-dischargeability under 11 U.S.C. § 523(a)(6).[11]

---

[10] Defendant actively participated in the evidentiary hearing on damages in the Arizona State Court Action, satisfying the "actually litigated" requirement for purposes of applying collateral estoppel to the award of damages.

[11] If an award of compensatory damages is non-dischargeable, the consequent punitive damages are also non-dischargeable. *See Cohen v. de la Cruz,* 523 U.S. 213, 219, 118 S.Ct. 1212, 1218, 140 L.Ed.2d 341 (1998)(finding that punitive-type damages and the underlying compensatory damages fall within the definition of the term "debt" under the Bankruptcy Code, such that a non-dischargeable debt under 11 U.S.C. § 523(a)(2)(A) included the treble damages, attorneys' fees and costs awarded under a state statute.); *In re Roussos,* 251 B.R. 86, 94 (9th Cir. BAP 2000), *aff'd,* 33 Fed.Appx. 365 (9th Cir. 2002)(acknowledging that collateral estoppel can be applied to a state court's award of punitive damages and included as part of a non-dischargeable debt); *Dorris v. Chacon (In re Chacon),* 438 B.R. 725, 737 n.14 (Bankr.D.N.M. 2010)("If a creditor's claim for compensatory and punitive damages both arise from a debtor's willful and malicious conduct, both are excepted from discharge."). *See also, Aspect Technology v. Simpson (In re Simpson),* 226 B.R. 284, *4 (10th Cir. BAP 1998)(Table)(stating that "punitive damages are only nondischargeable if the underlying compensatory damages are non-dischargeable.").

*Plaintiffs' Remaining Arguments Have Already Been Addressed in the Court's Prior Memorandum Opinion*

Plaintiffs continue to make arguments regarding the $10,000 award by the New Mexico State Court; the liability of Cruz Delia Martinez; and the liability of Verenice Martinez, Defendant's non-filing spouse, with respect to her interest in community property. The Court's prior Memorandum Opinion addressed these arguments. *See* Memorandum Opinion, pp. 21 – 24 (Docket No. 46). With respect Cruz Delia Martinez, Defendant's former spouse, the Court determined that the bankruptcy discharge has no effect. *See* Memorandum Opinion, pp. 23. Further, because there is no allegation that the debt at issue arose as a result of a tort committed while Defendant was married to Verenice Martinez (his current, non-filing spouse), the community discharge under 11 U.S.C. § 524(a)(3) has no application. *Id.* at p. 24.

Plaintiffs point out that the Criminal Revocation Order entered in the New Mexico State Court includes a provision requiring Defendant to "sign a promissory note to Eva Hughes in the amount of $10,000.00 for cost of counseling for the two victims stating the debt is not dischargeable in bankruptcy." *See* Criminal Revocation Order. This type of provision entered by a state court before Defendant filed his bankruptcy petition is insufficient to establish that the debt is, in fact, non-dischargeable. *Cf. In re Cheripka,* 122 B.R. 33, 36 (Bankr.W.D.Pa. 1990)(reasoning that a district court could not determine the issue of nondischargeability where no bankruptcy case had yet been filed); *Freeman v. Freeman (In re Freeman),* 165 B.R. 307, 312 (Bankr.S.D.Fla. 1994)(noting that some courts "have recognized that a pre-petition state court waiver of dischargeability violates the Bankruptcy Code" and that a state court lacks jurisdiction to determine that an obligation is non-dischargeable where no bankruptcy case had been filed at the time the state court entered its judgment)(citations omitted).

CONCLUSION

Based on the foregoing, the Court concludes that Plaintiffs are entitled to summary judgment on their claim for non-dischargeability of debt under 11 U.S.C. § 523(a)(6) against Defendant based on the preclusive effect of the Default Judgment and the application of A.R.S. § 13-807 to Plaintiffs' civil tort claims predicated on Defendant's criminal sexual assault. Plaintiffs need not seek a non-dischargeable judgment against Defendant Cruz Delia Martinez because the discharge entered in Defendant 's bankruptcy case filed after Defendant was no longer married to Cruz Delia Martinez has no effect on the debts of Cruz Delia Martinez. Nor does the community discharge provision under 11 U.S.C. § 524(a)(3) apply to Verenice Martinez. Finally, Plaintiffs cannot sustain a claim for non-dischargeability of debt under 11 U.S.C. § 523(a)(13) based on the Criminal Revocation Order.

The Court will enter a separate order and judgment consistent with this Memorandum Opinion.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 24, 2013

COPY TO:

**Louis Puccini, Jr.**　　　　　　　　　Isaac S. Martinez
**Leslie Thompson**　　　　　　　　　Defendant
Puccini Law, P.A.　　　　　　　　　　PO Box 86564
Attorneys for Plaintiffs　　　　　　　　Tucson, AZ 85754
PO Box 50700
Albuquerque, NM 87181-0700